UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB HAFTER,<br><br>        Plaintiff,<br><br>v.<br><br>ROB BARE, DAVID A. CLARK, GLENN MACHADO, and PHIL PATTEE,<br><br>        Defendants. | 2:10-CV-00553-PMP-LRL<br><br>**ORDER** |

       Before the Court for consideration is Plaintiff Jacob Hafter's Emergency Motion for Reconsideration (Doc. #27), filed on June 1, 2010.  Defendants filed an Opposition (Doc. #29) on June 28, 2010.  Plaintiff filed a Reply (Doc. #30) that same day.

       This Court previously denied Plaintiff Hafter's motion for temporary injunctive relief which sought to restrain Defendants from continuing their investigation and prosecution of State Bar of Nevada Grievance File No. N10-18-1227.  (Order (Doc. #24).)  Hafter now moves to reconsider, arguing new facts support his request for a temporary restraining order.  Specifically, Hafter contends a screening panel decided to discipline Hafter.  Additionally, the Nevada Supreme Court denied Hafter's request for emergency relief.[1]

---

[1] Hafter also argues new law supports his motion, citing to Simpson Strong-Tie Co., Inc. v. Gore, 230 P.3d 1117 (Cal. 2010).  This California case is non-binding authority, and, in any event, the Court already has evaluated Hafter's request for a temporary restraining order as if his press release

To obtain a restraining order under Federal Rule of Civil Procedure 65, Plaintiff Hafter must show by a preponderance of the evidence that he has (1) a strong likelihood of success on the merits; (2) there is the possibility of irreparable injury to Plaintiff if injunctive relief is not granted; (3) a balance of hardships favors Plaintiff; and (4) the injunctive relief requested advances the public interest. Textile Unlimited Inc., v. A..BMH & Co., Inc., 240 F.3d 781,786 (9th Cir. 2001). Applying the foregoing factors, the Court concludes Plaintiff Hafter's Emergency Motion for Reconsideration must be denied.

The new facts do not alter this Court's prior conclusion that Hafter has not shown a likelihood of success on the merits. As the Court stated in its prior Order, "even if the statements are core political speech, Nevada has a compelling interest in governing the conduct of attorneys in the state." (Order at 7.) Additionally, Nevada's disciplinary process is narrowly tailored to serve its interests in investigating and potentially disciplining allegedly false statements made by an attorney. The Nevada State Bar has completed its investigation and has decided to take some form of disciplinary action against Hafter. Hafter now has available to him the full procedural protections of the Nevada disciplinary process. Additionally, the irreparable injury Hafter may suffer is dramatically reduced, as Hafter failed to win the primary election. Further, as set forth in this Court's prior Order, the balance of hardships and public interest do not weigh in favor of granting a temporary restraining order. (Id. at 8-9.)

IT IS THEREFORE ORDERED that Plaintiff Jacob Hafter's Emergency Motion for Reconsideration (Doc. #27) is hereby DENIED.

DATED: June 30, 2010

_____
PHILIP M. PRO
United States District Judge

---

was core political speech. (Order (Doc. #24) at 7-8.)

2