1 | David A. Clark
General Counsel/Deputy Bar Counsel
2 | Nevada Bar No. 4443
State Bar of Nevada
3 | 600 East Charleston Blvd.
Las Vegas, Nevada  89104
4 | (702) 382-2200

5 | Attorneys for Defendants

6 |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JACOB HAFTER, ESQ.,                                          )

               Plaintiff,                                     )          Case No.: 2:10-CV-00553-PMP-LRL

        v.                                                                  )

ROB BARE, in his official capacity; DAVID         )          **DEFENDANTS' MOTION TO DISMISS**
CLARK, in his official capacity; GLENN             )          **SECOND AMENDED COMPLAINT**
MACHADO, in his official capacity; PHIL            )
PATTEE, in his official capacity; DOE               )
Defendants I through X, inclusive; and ROE      )
CORPORATIONS A through Z, inclusive,            )
                                                                               )
               Defendants.                                )
_____ )

     Defendants hereby move moves pursuant to Fed. R. Civ. P. 12(b)(1) for an Order dismissing Plaintiff's Second Amended Complaint on the grounds that, as set forth below, and as admitted in Plaintiff's Second Amended Complaint, there are pre-existing ongoing disciplinary proceedings before the State Bar against Plaintiff.  Therefore, pursuant to the *Younger* abstention doctrine, this Court should abstain in favor of the state judicial proceedings.

     Furthermore, Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint on the grounds that additional allegations Plaintiff has incorporated fail to state claims for which relief can be granted.

This motion is based on the pleadings and papers filed herein, the Memorandum of Points and Authorities which follow, and upon such further evidence and argument of counsel as the Court may require or allow.

## II.
## STATEMENT OF FACTS.

The nature and organization of Defendant is established through Nevada statute and rules promulgated by the Nevada Supreme Court. Defendant, State Bar of Nevada, is a public corporation created by statute. Nev. Rev. Stat. § 7.275 (2001) provides,

**Continuation as public corporation powers; rules of supreme court**

1. The State Bar of Nevada, a public corporation heretofore created by statute, is hereby continued *under the exclusive jurisdiction and control of the supreme court*.
2. The State Bar of Nevada has perpetual succession and a seal and it may sue and be sued. It may, for the purpose of carrying into effect and promoting its objectives:
(a) Make contracts.
(b) Own, hold, use, manage and deal in and with real and personal property.
(c) Do all other acts incidental to the foregoing or necessary or expedient for the administration of its affairs and the attainment of its purposes.
3. Rules for the government of the State Bar of Nevada shall be made by the supreme court pursuant to NRS 2.120 (emphasis added).

Nevada Supreme Court Rule (SCR) 76 expands upon this language, and provides,

1. The State Bar of Nevada, a public corporation heretofore created by statute, shall govern the legal profession in this state, subject to the approval of the supreme court. *The state bar is under the exclusive jurisdiction and control of the supreme court* and is an association of persons now or hereafter regularly licensed to practice law in the State of Nevada.
2. The state bar has perpetual succession and a seal and it may sue and be sued. It may, for the purpose of carrying into effect and promoting its objectives, make contracts, own, hold, use, manage and deal in and with real and personal property, subpoena witnesses for the purpose of aiding in cases of discipline, suspension or disbarment, or application for admission, and do all other acts incidental to the foregoing or necessary or expedient for the administration of its affairs and the attainment of its purposes (emphasis added).

Finally, with respect to discipline of Nevada-licensed attorneys, SCR 99 states,

1. Every attorney admitted to practice law in Nevada or specially admitted by a court of this state for a particular proceeding, or practicing law here, whether specially admitted or not, is subject to the exclusive disciplinary jurisdiction of the supreme court and the disciplinary boards and hearing panels created by these rules.
2. Nothing contained in these rules denies any court the power to maintain control over proceedings conducted before it, such as the power of contempt, nor do these rules prohibit any association from censuring, suspending, or expelling its members.

Moreover, SCR 104(1), in pertinent part, designates and directs the authority of Bar Counsel,

> 1. State bar counsel shall:
> (a) Investigate all matters involving possible attorney misconduct or incapacity called to bar counsel's attention, whether by grievance or otherwise.
> (b) Subject to Rule 105(1), dispose of all matters involving alleged misconduct by dismissal of the allegation(s) or by the filing of a written complaint.
> (c) Prosecute all proceedings under these rules before all forums in the name of the State Bar of Nevada.

Plaintiff is a Nevada-licensed attorney.  Plaintiff's Second Amended Complaint, ¶ 16.

Plaintiff filed this Second Amended Complaint on September 2, 2010.

As admitted in Plaintiff's Second Amended Complaint, the State Bar has filed a written disciplinary Complaint on July 26, 2010, (¶ 49) and Plaintiff has answered the Complaint (¶ 50).

SCR 105(2)(Procedure on receipt of complaint) provides in pertinent part,

> 2. **Commencement of formal proceedings.**  Formal disciplinary proceedings are commenced by bar counsel filing a written complaint in the name of the state bar. The complaint shall be sufficiently clear and specific to inform the attorney of the charges against him or her and the underlying conduct supporting the charges. A copy of the complaint shall be served on the attorney and it shall direct that a verified response or answer be served on bar counsel within 20 days of service; the original shall be filed with bar counsel's office. The time to respond may be extended once by the chair for not more than 20 days for good cause or upon stipulation of the parties. In the event the attorney fails to plead, the charges shall be deemed admitted; provided, however, that an attorney who fails to respond within the time provided may thereafter obtain permission of the appropriate disciplinary board chair to do so, if failure to file is attributable to mistake, inadvertence, surprise, or excusable neglect.
>
> (a) *Challenges to and ad hoc appointments of panel members.*  The complaint shall be served with the list of members of the appropriate disciplinary board. The attorney, or each if more than one, and bar counsel may exercise five peremptory challenges each to the people on the list by delivering such in writing to bar counsel on or before the date a response to the complaint is due.
> Challenges to any member for cause under Rule 103(7) shall be made as soon as possible after receiving either actual or constructive notice of the grounds for disqualification, and shall be made by motion to the chair in accordance with these rules. In no event will a motion seeking the disqualification of a member be timely if the member has already heard, considered or ruled upon any contested matter, except as to grounds based on fraud or like illegal conduct of which the challenging party had no notice until after the contested matter was considered. Any challenge that is not raised in a timely manner shall be deemed waived.
> The chair may make ad hoc appointments to replace designated panel members in the event challenges or disqualification reduce the number to less than the number required for the hearing panel. Ad hoc appointees shall be subject to disqualification under Rule 103(7) and any remaining peremptory challenges unexercised by either the attorney(s) or bar counsel. A hearing panel as finally constituted shall include a non-lawyer.

. . . .

(c) *Time to conduct hearing; notice of hearing; discovery of evidence against attorney.* The hearing panel shall conduct a hearing within 45 days of assignment and give the attorney at least 30 days' written notice of its time and place. The notice shall be served in the same manner as the complaint, and shall inform the attorney that he or she is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The notice shall be accompanied by a summary prepared by bar counsel of the evidence against the attorney, and the names of the witnesses bar counsel intends to call for other than impeachment, together with a brief statement of the facts to which each will testify, all of which may be inspected up to 3 days prior to the hearing. Witnesses or evidence, other than for impeachment, which became known to bar counsel thereafter, and which bar counsel intends to use at the hearing, shall be promptly disclosed to the attorney. For good cause shown, the chair may allow additional time, not to exceed 90 days, to conduct the hearing.

(d) *Quorum; time for decision of panel; votes required to impose discipline.* Any five members of the panel shall be a quorum. The hearing panel shall render a written decision within 30 days of the conclusion of the hearing, unless post-hearing briefs are requested by either bar counsel or the attorney and allowed by the panel or requested by the chair, in which event the decision shall be rendered within 60 days of the conclusion of the hearing. The decision shall be served pursuant to Rule 109(1), accompanied by the panel's findings and recommendation, all of which shall be filed with bar counsel's office. A decision to impose or recommend discipline requires the concurrence of four members of the panel.

(e) *Rules of evidence; support of panel's decision.* The rules applicable to the admission of evidence in the district courts of Nevada govern admission of evidence before a hearing panel. Evidentiary rulings shall be made by the chair of the panel, if one has been designated, or by the chair of the appropriate disciplinary board prior to such a designation. The findings of the panel must be supported by clear and convincing evidence.

. . . .

Thus, there is a pre-existing judicial proceeding that is ongoing at the time Plaintiff filed his Second Amended Complaint.

## III.
## DISCUSSION.

Although defendant is the moving party on a motion to dismiss, plaintiff has the burden of establishing subject matter jurisdiction because plaintiff is the party invoking the court's jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Under a 12(b)(1) motion attacking the complaint on its face, the court must consider the allegations of the complaint as true. *See, i.e. Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977).

**A.    The Abstention Doctrine Set Forth In *Younger v. Harris* Mandates That This Court Refrain From Intervening In Ongoing Disciplinary Proceedings.**

In *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971*)*, the United States Supreme Court reversed the lower court order to enjoin prosecution and enforcement of California's Criminal Syndicalism Act on the grounds it was unconstitutionally vague and overbroad.   The Supreme Court found that the injunction was, "a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.,* at 749 (*citing* 28 U.S.C. § 2283, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").   The Supreme Court also reversed the declaratory judgment entered by the lower court, noting that, "declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." *Id* at n. 2.

In *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982), the Supreme Court extended the abstention doctrine to attorney discipline cases.   Absent "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Id*. at 432.

The Court noted that the proceedings were judicial in nature given the New Jersey Supreme Court's authority to regulate the admission and discipline of its attorneys and the delegation of that authority to the ethics and grievance committees. *Id*.   In addition, the Court recognized that, "[t]he State's interest in the professional conduct of attorneys involved in the

1    administration of criminal justice is of special importance." *Id.* at 434.  After finding all three

2    conditions present, the Court in *Middlesex* concluded,

3         The importance of the state interest in the pending state judicial proceedings and in the
         federal case calls *Younger* abstention into play. So long as the constitutional claims of

4         respondents can be determined in the state proceedings and so long as there is no showing
         of bad faith, harassment, or some other extraordinary circumstance that would make

5         abstention inappropriate, the federal courts should abstain.

6    *Id.* at 435.  *See also, Hirsh v. Justices of Supreme Court of State of California*, 67 F.3d 708

7    (9th Cir. 1995) (affirming dismissal on abstention grounds of suit brought to enjoin

8    disciplinary proceedings and seeking declaratory relief).

9         Here, the disciplinary proceedings are clearly judicial in nature.  Defendant State Bar

10   is under the exclusive jurisdiction and control of the Supreme Court.  Nev. Rev. Stat. § 7.275

11   and SCR 76.  Further, the Supreme Court has delegated its discipline authority of attorneys

12   to include the disciplinary boards and hearing panels. SCR 99.  Finally, Plaintiff's Complaint

13   acknowledges that the discipline proceedings were initiated on April 13, 2010, three days

14   before Plaintiff filed this action and are thus ongoing.  *See, Gilbertson v. Albright*, 381 F.3d

15   965, n. 4 (9th Cir. 2004) ("The critical date for purposes of deciding whether abstention

16   principles apply is the date the federal action is filed.")

17        As to the final prong, the Supreme Court rules governing discipline allow Plaintiff the

18   opportunity to present constitutional claims, as respondents have done in the past.  *See, i.e.*

19   *In re Discipline of Schaefer*, 117 Nev. 496, 25 P.3d 191, *as mod.* 31 P.3d 365 (2001)

20   (Supreme Court considered First Amendment arguments and found rule void for vagueness,

21   overturning finding of misconduct).  Moreover, "Minimal respect for the state processes, of

22   course, precludes any *presumption* that the state courts will not safeguard federal

23   constitutional rights."  *Middlesex County*, 457 U.S. at 431, 102 S. Ct. at 2521 (original

24   emphasis).

25

Furthermore, in its Order issued May 20, 2010 (Doc. # 24), this Court determined that once the matter proceeds past the investigatory stage, judicial proceedings are commenced. As such, at the time Plaintiff filed the Second Amended Complaint, the State Bar had not only commenced judicial proceedings, Plaintiff had joined them by filing an Answer.

The *Younger* abstention doctrine bars the federal court from enjoining state disciplinary proceedings absent extraordinary circumstances which are not present here. Therefore, Defendants request that this court dismiss Plaintiff's Second Amended Complaint and allow this matter to proceed through the discipline process.

**B.     Plaintiff's Additional Allegations Fail State Claims Upon Which Relief Can Be Granted.**

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support an otherwise cognizable claim.  *See, SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782-3 (9th Cir. 1996).  In considering such a motion, the court must presume as true all well-pleaded allegations, resolve all doubts in favor of the pleader, and view the pleadings in the light most favorable to the non-moving party.  *See, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

In his Second Amended Complaint, Plaintiff adds additional general facts,

5.     On or about May 27, 2010, Mr. Clark informed Mr. Hafter that the screening panel "voted unanimously to impose a Letter of Reprimand" against Plaintiff as a result of the aforementioned facts.

6.     To this date, Plaintiff has still not received a copy of the alleged Letter of Reprimand.

7.     Further, Defendants have refused to provide Plaintiff with a timely hearing as required under the Supreme Court Rules along with all associated due process rights.

8.     In so doing, Defendants have violated Plaintiff's rights under the First and Fourteenth Amendment [sic] and Plaintiff seeks any and all remedies available to him at law.

1   Second Amended Complaint.  Plaintiff elaborates on these facts in paragraphs 41-52, which

2   includes an allegation that Plaintiff has not been provided with the specific legal standard that

3   will be used in the case against him (¶ 51-2) and that Defendant Clark has "banned" Plaintiff

4   from performing Plaintiff's duties as a member of the Southern Nevada Disciplinary Board

5   (¶53).

6         Plaintiff also adds Counts II and III to the original Amended Complaint.  Count II

7   asserts that Defendants are violating Plaintiff's rights by chilling his political speech, are

8   refusing to allow him to see the proposed Letter of Reprimand, and refusing to provide the

9   legal standards to be used against Plaintiff.  Second Amended Complaint, ¶¶ 65-77.  Count

10  III is directed specifically against Defendant Clark and reiterates that Plaintiff feels Defendant

11  has "banned" him from participating in an admitted "voluntary" activity (¶82) and that this

12  somehow violates Plaintiff's right to practice law (¶ 90).

13        First, to the extent that Plaintiff is re-asserting that Defendants' conduct impacts his

14  free speech rights, this Court has already addressed and ruled against Plaintiff on this issue.

15  In its Order (Doc. #24), the Court concluded that Plaintiff failed to show a likelihood of

16  success on the merits with respect to the political speech arguments.  Order of May 20, 2010

17  (#24), pp. 7-8.

18        Second, with respect to the alleged refusal to allow Plaintiff to see the proposed Letter

19  of Reprimand, Plaintiff raises not only a red herring, but a false one, as well.  Attached as

20  Exhibit A is the Affidavit of David A. Clark.  Within it is a true and correct copy of an email

21  thread between Plaintiff and this Defendant regarding the proposed Letter of Reprimand

22  (Exhibit A-1).  The full statement from Defendant Clark (rather than the edited version

23  contained in ¶ 44 of the Second Amended Complaint) is,

24        I have your letter dated June 9, 2010 in which you object to the Letter of Reprimand and
        request a formal hearing even though the State Bar has not yet served upon you the
25        proposed Letter of Reprimand under SCR 105(1)(b).  Given your election, would you be

-8-

> agreeable to foregoing the service of the proposed Letter of Reprimand under SCR 105(1)(b) and proceeding directly to filing of the complaint and setting the matter for hearing? As you know, informal hearings are based upon the proposed Letter of Reprimand and formal hearings proceed upon the filing of complaint.

In response to this offer, Plaintiff replied (rather than the edited version contained in ¶ 45 of the Second Amended Complaint),

> Whatever moves this process along. It appears that now (perhaps because the election is over and I lost), the Bar is no longer in a rush to deal with this matter. I want to get this matter resolved as soon as possible.
>
> Further, I am anxious to see the evidence that was presented to the screening panel, which I presume I would be part of the complaint.
>
> I will accept service for any documents you wish to provide.

Plaintiff chose to proceed to a formal hearing, which entails the filing of a formal complaint. Plaintiff chose to waive service of the Letter of Reprimand in order to move the process along to hearing.

The State Bar never "refused" to allow" Plaintiff to see the Letter of Reprimand. Plaintiff declined it in favor of a formal hearing. For Plaintiff to now claim that his inability to see the Letter of Reprimand is a constitutional infirmity is both disingenuous and, frankly, of no moment procedurally. Plaintiff has been served with the State Bar's complaint and has answered. The complaint is the charging document the State Bar must prosecute and that Plaintiff must defend. This lament about the proposed Letter of Reprimand fails to state any cognizable right, injury, or detriment to Plaintiff.

Second, Plaintiff's claims that he is being denied the right to know the legal standards for the charges against him suffer from the same defects. First, as clearly set forth in SCR 105(2)(e) above,

> (e) *Rules of evidence; support of panel's decision.* The rules applicable to the admission of evidence in the district courts of Nevada govern admission of evidence before a hearing panel. Evidentiary rulings shall be made by the chair of the panel, if one has been designated, or by the chair of the appropriate disciplinary board prior to such a designation. ***The findings of the panel must be supported by clear and convincing evidence.*** (emphasis added).

1   Moreover, the Panel's decision to impose discipline must be with the concurrence of four of

2   five Panel members. SCR 105(2)(d). How much plainer can the Supreme Court make it?

3        If that was not enough, Plaintiff filed a Motion to Dismiss the discipline complaint.

4   After objecting to the Chair of the Northern Board hearing the matter based upon an

5   appearance of impropriety, the Vice-Chair, Julien G. Sourwine, considered and denied

6   Plaintiff's Motion.  When Plaintiff complained that the decision was not clear enough, Mr.

7   Sourwine issued an Amended Decision, a true and correct copy of which is attached as

8   Exhibit A-2.  In addition, the fact that Plaintiff has personal knowledge of SCR 105 since he

9   has sat as a member of hearing panels just seals the indictment of Plaintiff's alleged claim in

10  this regard.

11       Third, Plaintiff has not been "banned" from serving on hearing panels and he knows it.

12  SCR 105(2)(a) provides,

13       *Challenges to and ad hoc appointments of panel members.* The complaint shall be served
         with the list of members of the appropriate disciplinary board. The attorney, or each if more
14       than one, and bar counsel may exercise five peremptory challenges each to the people on the
         list by delivering such in writing to bar counsel on or before the date a response to the
15       complaint is due.

16  Did the undersigned peremptorily challenge Plaintiff from a discipline hearing?  Absolutely.

17       But such is bar counsel's right under the rule and no reason be given or is needed in

18  order to exercise that right.  If Plaintiff has a problem with subsection (a) of the rule, he can

19  take it up with the Nevada Supreme Court.  Moreover, attached as Exhibit A-3 is a true and

20  correct copy of an email thread between Plaintiff and the Office of Bar Counsel, in which

21  Plaintiff is informed that he is not on a banned list, but was simply peremptorily challenged on

22  a particular hearing.  Finally, attached as Exhibit A-4 is a true and correct copy of a letter

23  confirming that Plaintiff is serving as a member of an upcoming hearing Panel that must

24  reconvene on a case.  Therefore, he has not been "banned" from serving panels even

25  involving the undersigned.

1    However, even if all of the foregoing truth is ignored, Plaintiff has failed to state a

2  *prima facie* case that his denial of being able to serve on panels formed from the voluntary

3  Southern Nevada Disciplinary Board impacts a cognizable due process or property right.

4  Appointment to the discipline boards is discretionary by the State Bar Board of Governors.

5  Appointment to a particular hearing panel is through the Chair of the Board, subject to

6  peremptory challenges.   The Office of Bar Counsel does not assign Board members to

7  individual panels.

8    But Plaintiff cannot allege that this activity is a constitutionally-protected right or that

9  denial of it somehow articulates a claim for which this Court can grant relief.  Plaintiff's ability

10 to practice law is not hindered nor does his appointment vest him with any type of due

11 process right to serve as a panel member.  In short, Plaintiff fails to allege either a cognizable

12 claim for relief or sufficient facts to support an otherwise cognizable claim.   Plaintiff's

13 additional Counts fail as a matter of law and the Court should dismiss them.

**IV.**
**CONCLUSION.**

14

15   Plaintiff's Second Amended still seeks the injunctive and declaratory relief he has

16 sought in prior pleadings.   However, there are now judicial proceedings ongoing and this

17 Court is required to abstain in favor of the already ongoing state judicial proceedings.

18 Furthermore, the additional allegations that Plaintiff has added to the Second Amended

19 Complaint are simply untrue, and even if true, fail to state a claim for which relief can be

20 . . .

21 . . .

22 . . .

23

24

25

1  granted.   For the foregoing reasons, this Court should grant defendants' Motion to Dismiss

2  Plaintiff's Second Amended Complaint.

3                                DATED this 8th day of October 2010.

4                                STATE BAR OF NEVADA

5

6                                David A. Clark

7                                General Counsel/Deputy Bar Counsel
                              600 East Charleston Boulevard

8                                Las Vegas, Nevada 89104
                              (702) 382-2200

9                                Attorney for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# <u>EXHIBIT A</u>

23
24
25

## AFFIDAVIT OF DAVID A. CLARK

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )

David A. Clark, being first duly sworn, deposes and states as follows:

1.      I am an attorney at law duly licensed and in good standing to practice before the courts of Nevada.  I am General Counsel/Deputy Bar Counsel for the State Bar of Nevada.  I have personal knowledge of the facts contained herein and, if called as a witness, would competently thereto.  I make this affidavit in support of the defendants' motion to Dismiss Plaintiff's Second Amended Complaint.

2.      Attached hereto as Exhibit A-1 is a true and correct copy of an email thread between Plaintiff and this Defendant regarding the proposed Letter of Reprimand.

3.      Attached hereto as Exhibit A-2 is a true and correct copy of the Amended Decision and exhibit thereto, authored by Julien G. Sourwine, Vice-chair of the Northern Nevada Disciplinary Board and filed October 7, 2010.

4.      Attached hereto as Exhibit A-3 is a true and correct copy of an email thread between Plaintiff and the Office of Bar Counsel, in which Plaintiff is informed that he is not on a banned list, but was simply peremptorily challenged on a particular hearing.

5.      Attached hereto as Exhibit A-4 is a true and correct copy of a letter confirming that Plaintiff is serving as a member of an upcoming hearing Panel that must reconvene on a case.



_____
David A. Clark

Subscribed and sworn to before
me this 8th day of October 2010.

_____
Notary Public, in and for
said County and State.

```
MARY JORGENSEN
NOTARY PUBLIC
STATE OF NEVADA
MY COMMISSION EXPIRES: 12-26-2012
CERTIFICATE NO: 05-94027-1
```

**David Clark**

| | |
|---|---|
| **From:** | Jacob Hafter <jhafter@hafterlaw.com> |
| **Sent:** | Wednesday, June 16, 2010 4:23 PM |
| **To:** | David Clark |
| **Subject:** | RE: Status of Formal Hearing |

Whatever moves this process along. It appears that now (perhaps because the election is over and I lost), the Bar is no longer in a rush to deal with this matter. I want to get this matter resolved as soon as possible.

Further, I am anxious to see the evidence that was presented to the screening panel, which I presume I would be part of the complaint.

I will accept service for any documents you wish to provide.

**From:** David Clark [mailto:DavidC@nvbar.org]
**Sent:** Wednesday, June 16, 2010 4:23 PM
**To:** Jacob Hafter
**Subject:** RE: Status of Formal Hearing

I have your letter dated June 9, 2010 in which you object to the Letter of Reprimand and request a formal hearing even though the State Bar has not yet served upon you the proposed Letter of Reprimand under SCR 105(1)(b). Given your election, would you be agreeable to foregoing the service of the proposed Letter of Reprimand under SCR 105(1)(b) and proceeding directly to filing of the complaint and setting the matter for hearing? As you know, informal hearings are based upon the proposed Letter of Reprimand and formal hearings proceed upon the filing of complaint.

David Clark

**From:** Jacob Hafter [jhafter@hafterlaw.com]
**Sent:** Tuesday, June 15, 2010 8:44 AM
**To:** David Clark
**Subject:** Status of Formal Hearing

SECOND REQUEST

I have not received the proposed letter of reprimand, nor any response to my request for a formal hearing challenging the issuance of such.

As you know, I have been suspect as to the motives of the Bar in this matter from the beginning. The timing of the action taking against me was suspect, at best, in that the Bar was so quick to open the grievance and bring the matter before a screening panel, however (now that the election is over), proceeding in receiving a draft letter or the formal hearing has seemed to have stalled.

I would like to get this matter resolved and appreciate your cooperation in this matter.

Jacob L. Hafter, Esq.


EXHIBIT
A-1

1



7201 West Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128
702-405-6700 Telephone
702-685-4184 Facsimile
702-716-8004 mobile

jhafter@hafterlaw.com
Visit us online at **www.hafterlaw.com**
\*\*\* CHECK OUT THE LATEST CAMPAIGN INFORMATION RELATED TO MY RACE FOR NEVADA ATTORNEY GENERAL AT
www.hafter2010.com.  Thank you for your support! \*\*\*

---

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient, you are hereby notified that any dissemination, duplication or distribution of all, or any part of this message, or any file associated with this message, is strictly prohibited. If you have received this communication in error, please notify the Law Office of Jacob Hafter, P.C. immediately by telephone (above number) and destroy the original message.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

CASE NO.    N10-18-1227



FILED
OCT 07 2010

**STATE BAR OF NEVADA**

**NORTHERN NEVADA DISCIPLINARY BOARD**

STATE BAR OF NEVADA,

        Complainant,

    vs.

JACOB HAFTER, ESQ., Bar No. 9303,

        Respondent.

_____/

### AMENDED ORDER DENYING RESPONDENT'S MOTION TO DISMISS

The Abstention of J. Thomas Susich, Esq.; And Order Appointing Vice Chairman Julien G. Sourwine to Preside in This Matter was filed September 22, 2010.  Accordingly, pursuant to the said Order and the provisions of SCR 103(3), for the purposes of this case the undersigned is acting chair of the Northern Nevada Disciplinary Board.

On August 9, 2010, Respondent filed his Motion to Dismiss.  On September 8, 2010, the State Bar of Nevada's Opposition to Respondent's Motion to Dismiss was filed.  Respondent's Reply to Complainant's Opposition to Motion to Dismiss was filed September 10, 2010. Pursuant to the provisions of SCR 103(5) the undersigned has authority to preside over the Motion to Dismiss and decide it since a hearing panel has not yet been designated.

The Order Denying Respondent's Motion to Dismiss was filed September 30, 2010. Thereafter, Respondent wrote a letter dated October 4, 2010, to the undersigned and to acting Bar Counsel, a copy of which is attached hereto as Exhibit 1 so that it will be part of the record in this case.

EXHIBIT
A-2

1       The duties of the chair of a disciplinary board as defined by SCR 103(5) are to ". . . preside

2 over all motions or other requests relating to the pending proceedings until such time as a hearing

3 panel is designated to preside over the proceeding. . . ."   Most of the matters addressed in

4 Respondent's October 4, 2010, appear to be outside the scope of SCR 103(5).   However, to the

5 extent Respondent's letter constitutes a request for a statement of the reasons for the denial of his

6 Motion to Dismiss (or a request for reconsideration of the Order Denying Respondent's Motion to

7 Dismiss) it may be considered a request relating to the pending proceedings within the meaning of

8 SCR 103(5).  Although the undersigned does not necessarily agree that a statement of those reasons

9 would provide "valuable insight" or any insight at all[1] this amended order is being issued in

10 response to Respondent's request.

11       The undersigned is of the view that the legal issues raised in Respondent's Motion to

12 Dismiss can only be properly decided by applying the applicable law to the facts of the case and the

13 facts of the case will not be known until the hearing panel has heard the evidence after which it will

14 be in a position to decide what those facts are.   For example, in Respondent's Reply to

15 Complainant's Opposition to Motion to Dismiss filed September 10, 2010, Respondent represents

16 that he did not knowingly make a false statement or intend to deceive anyone and says that he will

17 so testify.  He argues that the Bar has no evidence to the contrary. (Reply 6:16 – 18)  Respondent

18 fails to recognize that testimony by others and circumstantial evidence may be relevant as to an

19 indvidual's knowledge and intent and that witness credibility is a matter for the trier of fact which in

20 this case is the hearing panel.

21       Moreover, SCR 119(3) provides that, unless otherwise provided in the Supreme Court

22 Rules, the Nevada Rules of Civil Procedure apply in disciplinary cases.  Respondent's Motion to

23 Dismiss and the State Bar's Opposition thereto both include exhibits that are outside the pleadings.

24 Accordingly, under NRCP 12(b) Respondent's motion, which is essentially a Rule 12(b)(5) motion

25 to dismiss for failure to state a claim upon which relief can be granted, is to be treated as a motion

26 for summary judgment.  Under NRCP 56 a motion for summary judgment may not be granted if

27

28

---

[1]   This case will be decided not by the undersigned, but by a hearing panel that is being appointed contemporaneously with the filing of this amended order.

there is a genuine issue of material fact to be decided.  The undersigned believes there are such issues.

Accordingly, and good cause appearing,

IT IS HEREBY ORDERED that Respondent's Motion to Dismiss filed July 26, 2010, is denied without prejudice.

DATED this 7th day of October, 2010.

JULIEN G. SOURWINE, ESQ.
Acting Chair,  Northern Nevada Disciplinary
Board

EXHIBIT 1

EXHIBIT 1



JACOB HAFTER, Esq.
*jhafter@hafterlaw.com*

Admitted to Practice Law in Nevada, Pennsylvania,
New Jersey, and before the U.S. Patent & Trademark Office

October 4, 2010

JULIEN G. SOURWINE, ESQ.                        VIA FAX & U.S. MAIL
Acting Chair, Northern Nevada Disciplinary Board
Sourwine & Sloane, Ltd.
4950 Kietzke Lane, Suite 302
Reno, Nevada 89509
Fax: 775-828-0211

LUCINDA COUMO, ESQ.                             VIA ELECTRONIC & U.S. MAIL
Chief Deputy District Attorney
500 S. Grand Central Pkwy
P.O. Box 552215
Las Vegas, Nevada 89155
lucinda.coumou@ccdanv.com

        Re:    Jacob Hafter, Esq./Case Number N10-18-1227

Dear Mr. Sourwine:

        Please be advised that I am in receipt of your Order Dismissing Respondent's Motion to Dismiss.
I am highly concerned and disappointed that there was no legal analysis or reasoning behind your Order.
Often, attorneys engage in motion practice to not only accomplish the goal of the motion, but, in the
alternative, to understand how the particular body in which a matter is being litigated views certain issues.
To that end, understanding why you denied the motion would have provided valuable insight to me as to
the issues in this case.

        The failure to provide any reasoning for your denial of the motion simply adds to my substantive
and procedural concerns about this case. I have no understanding of what I did wrong. I have no
understanding as to the standards of review that will be used in this case. I have no understanding as to
how the word "material" will be defined for purposes of proving a "material misstatement," something that
I have been accused of making. I have no idea as the elements of the prima facia case which the Bar will be
required to prove in this matter. I have no idea as to any of the evidence which the Bar has accumulated,
presented to the screening panel, and intends to use against me at the hearing. And, most concerning, I
have no idea as to the contents of the letter of reprimand which screening panel of the Bar allegedly voted
unanimously to issue to me in May, 2010.

7201 Lake Mead Boulevard
Suite 210                          702-405-6700 Telephone               www.hafterlaw.com
Las Vegas, Nevada 89128            702-685-4184 Facsimile

October 4, 2010
Page 2 of 2

Please do not misunderstand my ignorance for complacency.   I have sent numerous requests to the Office of Bar Counsel, and, most recently, Ms. Cuomo, asking for clarity on these issues.   My requests have been ignored.  I have left numerous messages for Ms. Cuomo.  My calls have gone unanswered.   Moreover, despite the fact that I have been asking for my hearing since the beginning of June, 2010, we still do not have a date. There is no reason why I should have to expound so much time and energy to obtain notice of these items, as the State has a constitutional obligation to address these issues in a timely and appropriate manner.

Notwithstanding, I am highly concerned that the refusal to clarify these issues and the delays associated with the hearing are violations of my due process rights.   I have suffered unnecessary harms as a result of the Bar's prosecution of me in this case. I am still dealing with damage to my professional reputation that the Bar's sanction (which was issued without any notice or opportunity to be heard) has had on my career.  The more this matter is delayed, the more my damages increase.

I am writing to inform you of these issues because no one else seems to be willing to assist me. While I will be incorporating all of these concerns into my on-going federal action against the various Bar Counsel (and, if need be, Ms. Cuomo), I would appreciate working through your office to mitigate any existing due process violations and resolve this matter in an expeditious manner.  For that I look to you to assist.  I will make myself available to the greatest extent possible for any conference calls or other meetings that are necessary to address these issues.    I cannot, however, facilitate the scheduling of any such calls or meetings with Ms. Cuomo as she refuses to acknowledge my existence.

Very truly yours,

Jacob L. Hafter, Esq.

1  **CERTIFICATE OF SERVICE**

2        I certify that I am an employee of Sourwine & Sloane, Ltd., and that on the 7th day of

3  October, 2010, I personally served by depositing in the mail at Reno, Nevada, postage paid, true and

4  correct copies of the foregoing document entitled:

5        **AMENDED ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

6  in sealed envelopes addressed to:

7        Jacob Hafter, Esq.
        7201 West Lake Mead Blvd., Ste. 210
8        Las Vegas, Nevada 89128

9        Lucinda L. Coumou
        Chief Deputy District Attorney
10       P.O. Box 552215
        Las Vegas, Nevada 89155-2215

11

12

13

14                                      _Cissy Garrison_

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**Tara Duenas**

| | |
|---|---|
| **From:** | Jacob Hafter [jhafter@hafterlaw.com] |
| **Sent:** | Thursday, August 05, 2010 3:13 PM |
| **To:** | Tara Duenas |
| **Cc:** | Tracie Jefcik |
| **Subject:** | RE: Formal Hearing -- September 16, 2010 |

Why did David Clark file that? I have no knowledge of Brian Boggess, nor have I been involved in any cases (to the best of my knowledge) with or against him.

---

**From:** Tara Duenas [mailto:TaraD@nvbar.org]
**Sent:** Thursday, August 05, 2010 3:13 PM
**To:** Jacob Hafter
**Subject:** RE: Formal Hearing -- September 16, 2010

Hi Mr. Hafter,

You are not on a list preventing you from participating as a member on the Southern Nevada Disciplinary Board You were only exempted from the September 16, 2010, hearing because David Clark filed a notice of entry of peremptory challenges pursuant to SCR 105 (2)(a).

Sincerely,

*Tara Duenas*
Legal Secretary
Office of Bar Counsel
State Bar of Nevada
600 E. Charleston Blvd.
Las Vegas, NV 89104
(702) 382-2200

**From:** Jacob Hafter [mailto:jhafter@hafterlaw.com]
**Sent:** Thursday, August 05, 2010 3:02 PM
**To:** Tara Duenas
**Cc:** Tracie Jefcik
**Subject:** FW: Formal Hearing -- September 16, 2010

Tara,

Why have I been placed on an "exempted" list, preventing me from participating as a member of the disciplinary board?

Jay

**From:** Karen Morrow [mailto:kmorrow@nevadafirm.com]
**Sent:** Thursday, August 05, 2010 3:04 PM
**To:** Jacob Hafter
**Subject:** RE: Formal Hearing -- September 16, 2010

EXHIBIT
A-3

9/3/2010



From the desk of Karen Morrow

click here for v-card

I don't know.
Your name is on the list I was given by the State Bar with panel members who are "exempted."
You might want to check with Tara Duenas over there.
Sorry.

This e-mail message (including any attachments): (a) may include privileged, confidential, proprietary and/or other protected information, (b) is sent based upon a reasonable expectation of privacy, and (c) is not intended for transmission to, or receipt by, unauthorized persons. To comply with Internal Revenue Service regulations, we advise you that if this message includes any information about tax issues, such as tax information was not intended or written to be used, and cannot be used, to: (y) avoid any penalties that may be imposed or (z) promote, market, or recommend to another party any transaction, arrangement, or matter. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is prohibited. If you are not the intended recipient, please notify the sender immediately by telephone (702-791-0308) or by replying to this message and then delete this message and all copies or portions from your system. Thank you.

**From:** Jacob Hafter [mailto:jhafter@hafterlaw.com]
**Sent:** Thursday, August 05, 2010 2:55 PM
**To:** Karen Morrow
**Subject:** RE: Formal Hearing -- September 16, 2010

How is that a conflict for me?

**From:** Karen Morrow [mailto:kmorrow@nevadafirm.com]
**Sent:** Thursday, August 05, 2010 2:58 PM
**To:** Jacob Hafter
**Subject:** RE: Formal Hearing -- September 16, 2010

The respondent is Brian Boggess.

This e-mail message (including any attachments): (a) may include privileged, confidential, proprietary and/or other protected information, (b) is sent based upon a reasonable expectation of privacy, and (c) is not intended for transmission to, or receipt by, unauthorized persons. To comply with Internal Revenue Service regulations, we advise you that if this message includes any information about tax issues, such as tax information was not intended or written to be used, and cannot be used, to: (y) avoid any penalties that may be imposed or (z) promote, market, or recommend to another party any transaction, arrangement, or matter. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is prohibited. If you are not the intended recipient, please notify the sender immediately by telephone (702-791-0308) or by replying to this message and then delete this message and all copies or portions from your system. Thank you.

**From:** Jacob Hafter [mailto:jhafter@hafterlaw.com]
**Sent:** Thursday, August 05, 2010 2:50 PM
**To:** Karen Morrow

9/3/2010

**Subject:** RE: Formal Hearing -- September 16, 2010

What is the conflict?

**From:** Karen Morrow [mailto:kmorrow@nevadafirm.com]
**Sent:** Thursday, August 05, 2010 2:52 PM
**To:** Jacob Hafter
**Subject:** RE: Formal Hearing -- September 16, 2010

Good afternoon Mr. Hafter.
Unfortunately there is a conflict with your participation at the formal hearing on September 16.
Please accept my apologies for this error on my part in scheduling you for same.
Thank you very much.
Karen

This e-mail message (including any attachments): (a) may include privileged, confidential, proprietary and/or other protected information, (b) is sent based upon a reasonable expectation of privacy, and (c) is not intended for transmission to, or receipt by, unauthorized persons. To comply with Internal Revenue Service regulations, we advise you that if this message includes any information about tax issues, such as tax information was not intended or written to be used, and cannot be used, to: (y) avoid any penalties that may be imposed or (z) promote, market, or recommend to another party any transaction, arrangement, or matter. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is prohibited. If you are not the intended recipient, please notify the sender immediately by telephone (702-791-0308) or by replying to this message and then delete this message and all copies or portions from your system. Thank you.

**From:** Karen Morrow
**Sent:** Wednesday, July 28, 2010 4:43 PM
**To:** 'Jacob Hafter'
**Subject:** RE: Formal Hearing -- September 16, 2010

Thank you Jacob.
I have you confirmed for September 16th.
Have a great evening.

This e-mail message (including any attachments): (a) may include privileged, confidential, proprietary and/or other protected information, (b) is sent based upon a reasonable expectation of privacy, and (c) is not intended for transmission to, or receipt by, unauthorized persons. To comply with Internal Revenue Service regulations, we advise you that if this message includes any information about tax issues, such as tax information was not intended or written to be used, and cannot be used, to: (y) avoid any penalties that may be imposed or (z) promote, market, or recommend to another party any transaction, arrangement, or matter. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is prohibited. If you are not the intended recipient, please notify the sender immediately by telephone (702-791-0308) or by replying to this message and then delete this message and all copies or portions from your system. Thank you.

**From:** Jacob Hafter [mailto:jhafter@hafterlaw.com]

9/3/2010

**Sent:** Monday, July 12, 2010 11:25 AM
**To:** Karen Morrow
**Subject:** RE: Formal Hearing -- September 16, 2010

I can attend

**From:** Karen Morrow [mailto:kmorrow@nevadafirm.com]
**Sent:** Monday, July 12, 2010 11:26 AM
**To:** Donna Wittig, Esq.; Douglas Brooks, Esq.; F. Thomas Edwards, Esq.; Frank Toddre, II, Esq.; Gary Pulliam, Esq.; George Kelesis, Esq.; Jacob Hafter; James Oronoz, Esq.; Jeffrey Posin; Kenneth Hogan, Esq.; Marek Bute, Esq.; Michael Bohn, Esq.; Robert Freeman, Esq.; William Kapalka, Esq.
**Subject:** Formal Hearing -- September 16, 2010

Good morning.

Please let me know if you would be available for a Formal Hearing on September 16, 2010 at 9:00 a.m.  The Respondent is Brian Boggess.

Thank you.
Karen M. Morrow
Secretary to Jeffrey R. Albregts, Esq.

This e-mail message (including any attachments): (a) may include privileged, confidential, proprietary and/or other protected information, (b) is sent based upon a reasonable expectation of privacy, and (c) is not intended for transmission to, or receipt by, unauthorized persons. To comply with Internal Revenue Service regulations, we advise you that if this message includes any information about tax issues, such as tax information was not intended or written to be used, and cannot be used, to: (y) avoid any penalties that may be imposed or (z) promote, market, or recommend to another party any transaction, arrangement, or matter. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is prohibited. If you are not the intended recipient, please notify the sender immediately by telephone (702-791-0308) or by replying to this message and then delete this message and all copies or portions from your system. Thank you.

9/3/2010

# STATE BAR OF NEVADA



August 23, 2010

600 East Charleston Blvd.
Las Vegas, NV 89104-1563
phone 702.382.2200
toll free 800.254.2797
fax 702.385.2878

9456 Double R Blvd., Ste. B
Reno, NV 89521-5977
phone 775.329.4100
fax 775.329.0522

*www.nvbar.org*

Candace Carlyon, Esq.
701 E. Bridger Avenue, Suite 850
Las Vegas, NV  89101

Jacob Hafter, Esq.
7201 W. Lake Mead Blvd., Ste. 210
Las Vegas, Nevada  89128

Richard Vaughan, Laymember
121 Attingham Park Avenue
Henderson, NV  89002

RE:   Formal Hearing – Friday, October 22, 2010, at 9:00 am
      *State Bar of Nevada vs. Philip Singer*

Dear Panel Members:

This shall confirm that the Formal Hearing in the above-referenced matter has been scheduled for **Friday, October 22, 2010, at 9:00 a.m.** The hearing will take place at the Las Vegas office of the State Bar of Nevada located at 600 E. Charleston Boulevard, Las Vegas, NV 89104.

If you have any questions regarding the above, please do not hesitate to contact me.

Sincerely,

Tara Duenas
Legal Secretary
Office of Bar Counsel

EXHIBIT
A-4