JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
LAW OFFICE OF JACOB L. HAFTER, P.C.
7201 W. Lake Mead Boulevard, Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JACOB HAFTER, ESQ., <br><br> Plaintiff, <br><br> vs. <br><br><br> ROB BARE, in his official capacity; DAVID CLARK, in his official capacity; GLENN MACHADO, in his official capacity; PHIL PATTEE, in his official capacity; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive, <br><br> Defendants. | Case No.: 2:10-cv-00553-PMP-LRL <br><br><br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |

COMES NOW, Plaintiff, JACOB HAFTER, ESQ., hereby his Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, Document 33 ("Motion"). This Opposition is made pursuant to the Federal Rules of Civil Procedure, Local Rule 7-2, the attached memorandum of points and authorities, the exhibits hereto, the records and pleadings on file with the Court, of which judicial notice is respectfully requested pursuant to Fed. R. Evid. 201, and any oral argument entertained by the Court at the hearing set on this Motion.

///

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

1    DATED this 25th day of October, 2010.

2

3                                          By:  _____

4                                          Jacob L. Hafter, Esq.
                                           Nevada Bar Number 9303
5                                          7201 W. Lake Mead Blvd, Suite 210
                                           Las Vegas, Nevada 89128
6

7

8                                          **I.**

9                                   **INTRODUCTION**

10       Defendants keep trying to frame this case as one related to the State of Nevada's right

11   to discipline attorneys; it is not.  This case is a civil rights case based upon the State Bar of

12   Nevada's violation of Plaintiff's first amendment rights.  This case seeks to determine whether

13   the State Bar may initiate a discipline grievance for political speech, not to address the merits

14   of the Bar's grievance against Plaintiff. This Court cannot allow the State Bar to avoid

15   accountability for their attempt, whether intentional or not, to discipline a political candidate

16   for his speech.  Not only has Plaintiff been sanctioned, but his due process rights have been

17   deprived, and his ability to serve on the Southern Nevada Disciplinary Board of the State Bar

18   has been interrupted.

19       Defendants bring their Motion on the grounds that the Younger abstention doctrine

20   prevents this Court from interfering with their ongoing disciplinary process, now that a formal

21   complaint has been filed against Plaintiff.  Plaintiff does not disagree with this point.  Plaintiff,

22   however, recognizes that there is a difference between abstention and dismissal, and that

23   nothing within the Younger doctrine prevents this case from proceeding with respect to

24   Defendants' due process violations of Plaintiff's rights.  Accordingly, Plaintiff respectfully

25   requests that this Court DENY Defendants' Motion.   At the very least, Plaintiff respectfully

26   requests that his Court allow Plaintiff to either amend his complaint or stay these proceedings

27   until the state judicial process has been completed.

28

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
& ASSOCIATES
The Law Offices of

## II.

## <u>LEGAL ARGUMENT</u>

### A.  STANDARD FOR MOTION TO DISMISS

Defendants have requested this Court dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction.  "In reviewing the Rule 12(b)(1) dismissal, we must accept all factual allegations in the complaint as true." <u>Carson Harbor Village, Ltd. v. City of Carson</u>, 353 F.3d 824, 826 (9th Cir.2004) (citations omitted). In a 12(b)(1) analysis "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Assoc. of Am. Med. Colls. v. United States</u>, 217 F.3d 770, 778 (9th Cir.2000) (*quoting* <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)).

Dismissal of a complaint is disfavored and should only be granted in "extraordinary" cases. <u>Calstar LLC v. First Union Nat'l Bank</u>, 35 Fed. Appx. 602, **1 (9th Cir. 2002), citing <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir.1981).  However, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Id.</u>, *citing* <u>Balisteri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir.1988).  If a complaint lacks facts to support a legal theory, but those facts could easily be supplied, the complaint should not be dismissed without leave to amend. *See* <u>Id.</u>, citing <u>Fed.R.Civ.P. 15(a)</u> (stating that leave to amend should be "freely given"); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts."(quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.1995))).

### B.  ABSTENTION SHOULD NOT APPLY IN THIS CASE

The United States Supreme Court has stated that abstention of the federal courts is the *exception*, rather than the rule. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813 (1976).  This very Court has stated that "[a]bstention under <u>Younger</u> 'is a

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES
The Law Offices of

1    jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism.'"

2    *see* Document 13-1, *citing* San Jose Silicon Valley Chamber of Commerce Political Action

3    Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008).  "[T]he limited circumstances

4    in which abstention by federal courts is appropriate remain the exception rather than the rule."

5    Id., *citing* San Jose at 1092 (quotation omitted).    Principals of federal abstention "are not rigid

6    pigeonholes into which federal courts must try to fit cases." Pennzoil Co. v. Texaco, Inc., 481

7    U.S. 1, 11, n. 9, 107 S.Ct. 1519, 1526, n. 9, (1987).   Further, and most importantly as it relates

8    to the basis for which Defendants bring the instant Motion to Dismiss, the Supreme Court has

9    rejected Younger as a question of subject matter jurisdiction. *See* New Orleans Public Service,

10   Inc. v. Council of the City of New Orleans, 491 U.S. 350, 358 (1989) ("NIOPSI") and Ohio

11   Civil Rights Comm'n v. Dayton Christian Schools, Inc.*,* 477 U.S. 619, 626 (1986).

12            Under very limited circumstances, the federal courts should ***abstain from interfering***

13   ***with ongoing state court proceedings***.   *See* Colorado River, supra.    Included are the

14   circumstances set forth in Younger.   Middlesex County Ethics Comm. V. Garden State Bar

15   Ass'n sets forth a three part test for determining the applicability of Younger: 1) there are

16   ongoing state proceedings that are judicial in nature; 2) the state proceedings implicate

17   important state interests; and 3) the state proceedings afford an adequate opportunity to raise

18   federal claims.  457 U.S. 423, 432 (1982).

19          At this point, however, Plaintiff is no longer asking this Court to interfere with the

20   existing proceeding; rather, Plaintiff is seeking damages for the harms that have already

21   occurred.    Plaintiff is defending himself in the on-going disciplinary matter.    Plaintiff is

22   highly concerned about his ability to raise the constitutional issues he has with the discipline in

23   that matter, however, such will be the subject of an appeal, in some form, not injunctive relief

24   from this Court.  Such does not, however, prevent Plaintiff from recovering for the wrongs that

25   have occurred in this case.

26   ///

27   ///

28   ///

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

*The Law Offices of*
JACOB HAFTER
&
ASSOCIATES

**C.  PLAINTIFF HAS RAISED CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

Defendants have harmed Plaintiff.  Plaintiff has pled those wrongs sufficiently.  For example, Plaintiff has pled the following:

> 32. On April 13, 2010, at around 10:30 am, Benjamin Spillman, a reporter for the Las Vegas Review Journal, called Mr. Hafter at his office.
> 33. During that call, Mr. Spillman informed Mr. Hafter that Phil Pattee, Esq., assistant bar counsel for Defendant , stated that not only was Defendant not investigating Masto for the allegations of misconduct, but that "an investigation and a grievance file has been opened in relation to Mr. Hafter himself."

Document 32 at 6.  Mr. Pattee's actions were a violation of the Supreme Court Rules related to the confidentiality of a disciplinary matter.   This violation of Plaintiff's right to confidentiality is not an on-going violation.  It was done and over once Defendant Pattee spoke to the Review Journal reporter.  The breach of confidentiality caused the matter to be improperly tried in the press, depriving Plaintiff of adequate due process in defending the claim in a private matter.  Such deprivation can be addressed by this Court, without concern about the abstention doctrine.

Plaintiff has also suffered other harms which he has adequately pled.  For example, Plaintiff also pled that "[s]ince April 13, 2010, Hafter has been banned by Defendant Clark from performing his duties related to sitting on the Southern Nevada Disciplinary Board of the State Bar of Nevada."  Complaint at ¶53.   In his Motion, Defendant Clark has acknowledged that he interfered with Plaintiff's service as a member of the Southern Nevada Disciplinary Board of the State Bar when he said that he "absolutely" prevented Plaintiff from servicing as a hearing panel member for a disciplinary hearing.  Document 33 at 16.  Defendant Clark then tried to justify such in his Motion.  As this is ultimately a dispute of fact, however, such must survive a motion to dismiss.

Defendant Clark then tried to suggest that even if he did improperly prevent Plaintiff from serving on the disciplinary board, such does not interfere with Plaintiff's property rights.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

OPPOSITION TO MOTION TO DISMISS – 5

1   Such is a legally impotent argument and the fact that it comes from Bar Counsel is outright

2   shocking.  Professional licenses have been deemed to be property rights in the State of Nevada.

3   See e.g., Gallo v. U.S. Dist. Court For Dist. of Arizona, 349 F.3d 1169 (9th.Cir.,2003) (citing In

4   re Poole, 222 F.3d 618, 620 (9th Cir.2000); Sabow v. United States, 93 F.3d 1445, 1456 (9th

5   Cir.1996); and Barry v. Barchi, 443 U.S. 55, 64, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979)).  The

6   courts have further stated that "a professional license, once conferred, constitutes an

7   entitlement subject to constitutional protection."  Id. at 1179.

8       With a professional license comes several various rights.  The ability to serve on a

9   disciplinary board in the State of Nevada is a right that comes with membership to the bar.

10  S.C.R. 103.   Once appointed, "[m]embers of the disciplinary boards shall serve at the pleasure

11  of the board of governors, or for a term of three years, subject to reappointment for three

12  additional terms."  S.C.R. 103(2).   Petitioner was selected to serve on the Southern Nevada

13  Disciplinary Board of the State Bar.  Accordingly, Petitioner has a right to serve, either at the

14  pleasure of the Board of Governors or for his term.  Defendants, as bar counsel, cannot

15  arbitrarily impinge on that right.   Plaintiff has alleged, however, in his Second Amended

16  Complaint, that the Defendants have interfered with that right.   Accordingly, such is a

17  question for a trier of fact and should proceed to discovery.

18

19                                        **IV.**

20                                   **CONCLUSION**

21      Whenever the government takes action to suppress political speech, it is a grave

22  concern to all Americans.    The instant action comes before the Court as a result of the State

23  Bar's attempts to investigate and prosecute Plaintiff, an attorney and former candidate for

24  political office, as a result of comments he made regarding the incumbent, against whom he is

25  running.  In doing so, Plaintiff suffered numerous harms for which he seeks recourse through

26  this action.  For the above reasons, Plaintiff respectfully requests that this Court allow this

27  matter to proceed.

28

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

The Law Offices of
JACOB HAFTER
&
ASSOCIATES

Dated this 25$^h$ day of October, 2010.

By: _____

JACOB L. HAFTER, ESQ.
Nevada Bar Number 9303
7201 W. Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

OPPOSITION TO MOTION TO DISMISS - 7

1

### **CERTIFICATE OF SERVICE**

2    I hereby certify that on the 25th day of October, 2010, I, personally, did electronically

3 transmit the attached document to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of a Notice of Electronic Filing on the following CM/ECF registrants:

5

6    DAVID CLARK, ESQ.
     State Bar of Nevada
7    600 E. Charleston Blvd
     Las Vegas, Nevada 89104
8    davidc@nvbar.org

9

10

11

12    _____
      Jacob L. Hafter, Esq
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

The Law Offices of
JACOB HAFTER
&
ASSOCIATES