David A. Clark
General Counsel/Deputy Bar Counsel
Nevada Bar No. 4443
State Bar of Nevada
600 East Charleston Blvd.
Las Vegas, Nevada 89104
(702) 382-2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB HAFTER, ESQ., <br><br> Plaintiff, <br><br> v. <br><br> ROB BARE, in his official capacity; DAVID CLARK, in his official capacity; GLENN MACHADO, in his official capacity; PHIL PATTEE, in his official capacity; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive, <br><br> Defendants. | Case No.: 2:10-CV-00553-PMP-LRL <br><br> DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT |

## I.
## PLAINTIFF CONCEDES THAT THIS COURT SHOULD ABSTAIN UNDER *YOUNGER*.

In his Opposition, such that it is, Plaintiff concedes, "Defendants bring their Motion on the grounds that the Younger [sic] abstention doctrine prevents this Court from interfering with their ongoing disciplinary process, now that a formal complaint has been filed with against Plaintiff. Plaintiff does not disagree with this point." Plaintiff's *Opposition*, p. 2, lines 19-21.

Frankly, that should be the end to the inquiry and Defendants' motion to dismiss should be granted. As the Supreme Court ruled in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), granting injunctive relief is, "a violation of the national policy

forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.,* at 749 (*citing* 28 U.S.C. § 2283, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). The *Younger* Court further held that, "declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." *Id* at n. 2.

In *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982), the Supreme Court extended the abstention doctrine to attorney discipline cases,

> The importance of the state interest in the pending state judicial proceedings and in the federal case calls *Younger* abstention into play. So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, ***the federal courts should abstain.*** (emphasis added).

*Id.* at 435. *See also, Hirsh v. Justices of Supreme Court of State of California*, 67 F.3d 708 (9th Cir. 1995) (affirming dismissal on abstention grounds of suit brought to enjoin disciplinary proceedings and seeking declaratory relief).

However, Plaintiff clings to the argument that nothing in *Younger* prevents the case from proceeding with respect to the due process violations and requests that he be allowed to amend his complaint or stay these proceedings. *Opposition*, 2:23-27. This is simply wrong. The quoted language above plainly states that as long as the constitutional claims can be determined in the state proceedings, the federal courts should abstain.

Plaintiff argues tepidly that he is, "[H]ighly concerned about his ability to raise the constitutional issues he has with the discipline in that matter. . . ." *Id.* at 4:22. But, the Supreme Court in *Middlesex* squarely answered the issue of resolving due process and other constitutional claims, finding abstention proper when the claims could be addressed in state

court. Moreover, "Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex County*, 457 U.S. at 431, 102 S. Ct. at 2521 (original emphasis).

## II.
## PLAINTIFF FAILS TO OFFER VALID CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

In his Opposition, Plaintiff contends that he is entitled to damages for alleged violations of his rights arising from two (2) incidents. First, Plaintiff alleges that the State Bar breached the confidentiality of the Nevada Supreme Court Rules with respect to the discipline process. *Opposition*, 5:4-17; Second Amended Complaint, ¶¶ 32 and 33. Second, Plaintiff alleges that the State Bar has prevented him from participating in hearings as a member of the Southern Nevada Disciplinary Board and that this somehow impacts Plaintiff's right to practice law. *Opposition*, 5:18 – 6:17.[1]

First, to the extent Plaintiff might be entitled to confidentiality in the discipline process, such is a state right, not a federal one to be addressed by this court. In any event, such a claim can certainly be addressed by the Nevada Supreme Court given that it arises from that Court's own rule and discipline function. In addition, Supreme Court Rule (SCR) 121 (Confidentiality) provides for an exception as follows:

> 1. **Generally.** All proceedings involving allegations of misconduct by an attorney shall be kept confidential until the filing of a formal complaint. All participants in a proceeding, including anyone connected with it, shall conduct themselves so as to maintain the confidentiality of the proceeding until a formal complaint is filed.
>
> . . . .
>
> 15. **Statements by the State Bar of Nevada.** Notwithstanding Rule 121(1), the state bar may disseminate the procedural status and the general nature of a grievance or complaint upon request.

---

[1] Apparently, given the silence in his Opposition, Plaintiff is abandoning his claims in Count II that failing to see the proposed Letter of Reprimand or being told the standard of proof violates his rights.

-3-

If Plaintiff even has a colorable claim under these facts, it can be addressed in the state proceedings and such allegations fail to prevent dismissal under *Younger*.

Second, the opportunity to serve on a hearing panel for a disciplinary matter is a far cry from the ability to practice law and Plaintiff's obdurate insistence in linking the two demonstrates just how thin his alleged claims really are.

Plaintiff has never been denied the right to practice law. He has never been denied the opportunity to serve on the Southern Nevada Disciplinary Board. He was peremptorily challenged from serving on a hearing by undersigned counsel pursuant to SCR 105(2)(a).

But what Plaintiff ignores and fails to tell this Court is that he, in fact, recently served on a hearing panel for one of undersigned counsel's matters <u>two weeks ago</u>, on October 22, 2010. *See*, Exhibit A-4.

Plaintiff fails to offer any valid facts or law to support the additional allegations in the Second Amended Complaint. As such, to the extent such claims might survive abstention under *Younger*, the court should dismiss them under Fed. R. Civ. P. 12(b)(6).

### III.
### CONCLUSION.

Plaintiff's Second Amended still seeks the injunctive and declaratory relief he has sought in prior pleadings, relief Plaintiff now concedes should be dismissed under *Younger* and *Middlesex*. Plaintiff's last-ditch efforts to plead allegations to maintain his lawsuit fail to

. . .

. . .

. . .

1  establish valid legal theories of facts to survive dismissal under Fed. R. Civ. P. 12(b)(6). For
2  the foregoing reasons, this Court should grant defendants' Motion to Dismiss Plaintiff's
3  Second Amended Complaint.

DATED this 4th day of November 2010.

STATE BAR OF NEVADA

/s/ David A. Clark

David A. Clark
General Counsel/Deputy Bar Counsel
600 East Charleston Boulevard
Las Vegas, Nevada 89104
(702) 382-2200
Attorney for Defendants