UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB HAFTER, | |
| Plaintiff, | 2:10-CV-00553-PMP-LRL |
| v. | |
| ROB BARE, DAVID A. CLARK, GLENN MACHADO, and PHIL PATTEE, | ORDER |
| Defendants. | |

      Presently before the Court is Defendants' Motion to Dismiss Second Amended Complaint (Doc. #33), filed on October 8, 2010. Plaintiff filed an Opposition (Doc. #34) on October 25, 2010. Defendants filed a Reply (Doc. #35) on November 1, 2010.

      This Court previously denied Defendants' earlier motion to dismiss based on Younger abstention. (Order (Doc. #24).) The Court concluded that although the first and third prongs of the Younger analysis supported abstention, the attorney disciplinary proceeding which Plaintiff sought to enjoin still was in the investigatory stage, and thus no judicial proceedings were ongoing. (Id. at 5.) The Nevada State Bar since has issued a formal complaint against Plaintiff. (Second Am. Compl. (Doc. #32) at 7.) Defendants move to dismiss again, arguing Younger abstention now applies, as the filing of the formal complaint commenced judicial proceedings. Plaintiff concedes Younger abstention now applies as to any injunctive relief, but requests that the Court stay these proceedings until the state disciplinary process is completed, rather than dismiss the action. Plaintiff also argues the Court may proceed with his claims to the extent they seek monetary relief for

past completed conduct, as that would not interfere with the ongoing disciplinary proceedings.

The parties agree that Younger abstention now applies, and the Court concurs. Under Younger abstention, a federal court may not exercise jurisdiction when doing so would interfere with state judicial proceedings, including attorney discipline proceedings. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). A district court must abstain and dismiss a suit on the basis of Younger where: (1) state proceedings are ongoing prior to the federal court conducting proceedings of substance on the merits; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. See id. at 432; M&A Gabaee v. Community Redev. Agency of City of Los Angeles, 419 F.3d 1036, 1041 (9th Cir. 2005). If these three requirements are met, the Court then must determine whether the policies behind the Younger doctrine would be implicated by the relief requested in this Court. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

Here, the state proceedings are now ongoing, as the formal complaint initiated state judicial proceedings prior to this Court conducting proceedings of substance on the merits. As discussed in this Court's prior Order, state attorney disciplinary proceedings implicate important state interests, and Plaintiff has an adequate opportunity to litigate his federal claims in the state proceedings. (Order (Doc. #24) at 2-3.) Further, the policies behind Younger support abstention, as Plaintiff seeks injunctive and declaratory relief in this action that would prohibit or have the effect of prohibiting the Nevada State Bar from pursuing an attorney discipline matter.

The remaining question is whether the Court should dismiss or stay the action. Where a complaint in federal court seeks to enjoin ongoing state proceedings or seeks declaratory relief that effectively would enjoin the ongoing state proceedings, dismissal is appropriate. Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004). However, where

1  the federal action seeks damages, the Court should stay, rather than dismiss, the case.
2  AmerisourceBergen Corp., 495 F.3d at 1148.

3  Here, Plaintiff's Second Amended Complaint seeks injunctive and declaratory
4  relief, as well as damages.  (Second Am. Compl. (Doc. #32) at 11.)  Consequently, to the
5  extent Plaintiff's Second Amended Complaint seeks declaratory or injunctive relief, the
6  matter is dismissed under Younger abstention principles.  As to the request for damages,
7  although the Court generally should stay a claim for damages, the Court notes that it
8  previously has ruled in this action that the Eleventh Amendment bars damages claims
9  against the State.  (Order (Doc. #24) 2.)  Plaintiff's original Complaint asserted claims
10 against only the State Bar of Nevada.  (Compl. (Doc. #1).)  Plaintiff cured this defect in his
11 First Amended Complaint by naming individual Defendants in their official capacities and
12 seeking only injunctive and declaratory relief.  (Order (Doc. #24) at 2; First Am. Compl.
13 (Doc. #10).)  In his Second Amended Complaint, Plaintiff asserts claims against Defendants
14 only in their official capacities, but now seeks to obtain damages.  (Second Am. Compl. at
15 1, 3, 11.)  However, a suit for damages against a state official in his official capacity is a
16 suit against the state.  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.,
17 616 F.3d 963, 968 (9th Cir. 2010).  Any request for damages against Defendants in their
18 official capacities therefore is barred by the Eleventh Amendment.  Id.  Consequently,
19 Plaintiff's Second Amended Complaint fails to state a cognizable claim for damages, and a
20 stay is not warranted.  The Court therefore will grant Defendants' motion to dismiss.

21 Plaintiff requests leave to amend his Second Amended Complaint, but does not
22 file a motion to amend and does not indicate how he would amend.  The Court therefore
23 will deny the request for leave to amend.
24 ///
25 ///
26 ///

1      IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Second
2 Amended Complaint (Doc. #33) is hereby GRANTED.  This action is hereby dismissed.

3

4 DATED: November 16, 2010

5                              _____
                               PHILIP M. PRO
6                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26