JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
LAW OFFICE OF JACOB L. HAFTER, P.C.
7201 W. Lake Mead Boulevard, Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JACOB HAFTER, ESQ., | Case No.: 2:10-cv-553-PMP-LRL |
|        Plaintiff, | |
|    vs. | |
| STATE BAR OF NEVADA; DAVID CLARK, in his official capacity; GLENN MACHADO, in his official capacity; PHIL PATTEE, in his official capacity; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive, | **THIRD AMENDED COMPLAINT** |
|        Defendants. | |

COMES NOW, Plaintiff JACOB HAFTER, ESQ., and hereby files this complaint for injunctive and declaratory relief against Defendants STATE BAR OF NEVADA, DAVID CLARK, GLENN MACHADO, PHIL PATTEE, DOES I through X, and ROES A through Z, for violation of his rights under the First and Fourteenth Amendments to the United States Constitution, and here alleges as follows:

## INTRODUCTION

1. Jacob Hafter, Esq., as a candidate for Attorney General of the State of Nevada, issued a press release on April 7, 2010 as a political candidate criticizing the incumbent Attorney General for engaging in acts which were allegedly violated the attorney-client privilege in

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

violation of Rule of Professional Conduct 1.6, and advising that those acts had been brought to the attention of the Nevada State Bar.  On the same day, Mr. Hafter spoke to several reporters on a conference call where he restated the contents of his press release.  One of those reporters, Elizabeth Crum, referred to Mr. Hafter's comments about the allegations of misconduct by the incumbent in a story that she wrote.

2.   On Tuesday, April 13, 2010, a reporter from the Las Vegas Review Journal, Ben Spillman, called Mr. Hafter to inform him that a representative from the State Bar stated that not only was the State Bar not investigating the incumbent for such allegations of misconduct, but that the State Bar has initiated a formal investigation into Mr. Hafter as a result of his April 7, 2010 press release and comments he made to Ms. Crum.

3.   On Wednesday, April 14, 2010, Mr. Hafter received a formal letter of investigation from the State Bar.

4.   As both the press release as well as the comments made to Ms. Crum were political speech protected by the United States Constitution, the State Bar's disciplinary proceedings are unconstitutional.

5.   On or about May 27, 2010, Mr. Clark informed Mr. Hafter that the screening panel "voted unanimously to impose a Letter of Reprimand" against Plaintiff as a result of the aforementioned facts.

6.   To this date, Plaintiff still has not received a copy of the alleged Letter of Reprimand.

7.   Further, Defendants have refused to provide Plaintiff with a timely hearing as required under the Supreme Court Rules along with all associated due process rights.

8.   In doing so, Defendants have violated Plaintiff's rights under the First and Fourteenth Amendment and Plaintiff seeks any and all remedies available to him at law.

### JURISDICTION

9.   Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments to the United States Constitution.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed.R.Civ.P. 65.

**PARTIES**

11. At all times material hereto, Plaintiff, JACOB HAFTER, ESQ. ("HAFTER") was a resident of the State of Nevada.

12. At all times material hereto, Defendant STATE BAR OF NEVADA is a public corporation in the State of Nevada created by statute and Supreme Court Rule 76.

13. At all times material hereto, Defendant ROB BARE, Esq, is a resident of the State of Nevada, and is sued in his official capacity as Bar Counsel for the State Bar of Nevada. At all times material hereto, Defendant DAVID CLARK, Esq, is a resident of the State of Nevada, and is sued in his official capacity as Deputy Bar Counsel/General Counsel for the State Bar of Nevada.

14. At all times material hereto, Defendant GLENN MACHADO, Esq. is a resident of the State of Nevada, and is sued in his official capacity as Assistant Bar Counsel for the State Bar of Nevada.

15. At all times material hereto, Defendant PHIL PATTEE, Esq, is a resident of the State of Nevada, and is sued in his official capacity as Assistant Bar Counsel for the State Bar of Nevada.

16. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOE Defendants I through X and ROE CORPORATIONS A through Z are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated as DOE Defendants and ROE CORPORATIONS are responsible in some manner for the events and occurrences referenced in this Complaint, and/or owes money to Plaintiff and/or may be affiliated with one of the other Defendants or may claim some interest in the subject matter of this Complaint.  Plaintiff will ask leave of the Court to amend this Complaint and insert the

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

true names and capacities of DOE Defendants I through X and ROE CORPORATIONS A

through Z when the identities of the same have been ascertained, and to join said Defendants in

this action.

### FACTS

17. On or about June 23, 2005, Hafter was admitted to practice law in the State of Nevada.

18. On March 1, 2010, Hafter filed his Petition for Candidacy to run for the Attorney

General of the State of Nevada.

19. In his Petition for Candidacy, Hafter declared his candidacy as a member of the

Republican party.

20. On or about March 30, 2010, Catherine Masto, the incumbent Attorney General for the

State of Nevada ("Masto") wrote a letter to Governor Jim Gibbons declining Governor

Gibbon's direction to Masto to join the litigation against the constitutionality of the Patient

Protection and Affordable Care Act of 2010 (the "PPACC") on behalf of the State of Nevada.

21. In her March 30, 2010 letter, Masto provided the reasoning for her refusal to join such

litigation.

22. In addition to sending the March 30, 2010 letter to the Governor, Masto, either directly

or through her office staff, sent the letter directly to various third parties, including members of

the press.

23. Shortly thereafter, Deputy Chief of Staff Lynn Hettrick, in an interview on Nevada

Newsmakers, a television program, announce that the Governor had never waived attorney-

client privilege or otherwise authorized Masto to send the March 30, 2010 letter to third

parties.

24. On April 2, 2010, Hafter spoke with David A. Clark, Esq. regarding allegations of

misconduct by Masto.

25. During that conversation, Hafter encouraged Defendant to take appropriate action as a

result of such allegations.

26. On April 7, 2010, at approximately 12:35 pm, Hafter, on campaign letterhead, issued a

press release entitled "HAFTER RESPONDS TO ALLEGATIONS MASTO VIOLATES

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 4056700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

ATTORNEY ETHICS RULES" (the "Press Release").

27. The allegations to which Hafter was referring to were those made by various representatives of the Governor.

28. The Press Release stated:

**LAS VEGAS, Nevada** – An exchange of letters between Governor Jim Gibbons and Attorney General Catherine Masto regarding the State's participation in a legal challenge to Obamacare has become public. The problem, however, is that the Governor's office did not authorize the release of the March 30, 2010 letter written by Ms. Masto; rather, Ms. Masto took it on her own accord to send a copy of the letter to multiple media outlets in addition to Governor Gibbons.  This has been confirmed by the Governor and his staff over the past 24 hours in various media outlets.

As the attorney to the State of Nevada, Ms. Masto, however, is bound by the Rules of Professional Conduct. Rule 1.6 prevents the unauthorized release of attorney-client information by an attorney.  Such release of any attorney-client information may only be consented to by the client. The release of the March 30, 2010 letter may have been an unauthorized release of confidential information in violation of Rule 1.6.

"Ms. Masto, as the State's head counsel must not only represent the State of Nevada, but do so in such a manner that complies with the Rules of Professional Conduct," stated Jacob Hafter, Esq., attorney and Republican candidate for Attorney General. "Regardless of whether this specific issue has become a public issue, such publicity is only authorized by the Governor, Ms. Masto's client.  An attorney may never release any work product to the press unless that attorney has the express consent of her client.  Her blatant disregard for her professional duties to the State is yet another example of why she must be replaced in November," continued Mr. Hafter.

Mr. Hafter, who also sits on the Southern Nevada Disciplinary Board for the State Bar, was made aware of this issue on Friday, April 2, 2010.  Pursuant to Rule 8.3, where a "lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct" has a duty to report such misconduct, Mr. Hafter called the Bar and confirmed that a report of Ms. Masto's violation was made to the State Bar.  "The State Bar has a duty to investigate all complaints made to it regarding conduct of lawyers and to take appropriate action," stated Mr. Hafter. "I am confident in the professionalism of the Bar, their counsel and their ability to investigate this matter and take appropriate action."

29. On April 7, 2010, at approximately 3:00 p.m., Hafter participated in a teleconference hosted by the Nevada News Bureau regarding PPACC and Nevada's decision to join the litigation against it.

30. In that teleconference, Hafter discussed the contents of the Press Release.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

31. On April 8, 2010, Elizabeth Crum authored a newspaper article that included coverage of the teleconference.

32. In her article, she stated in part:

> Hafter said he believes the Attorney General has been "derelict in her duties" and that her refusal to cooperate with the Executive Branch has created a liability that may be punishable as a misdemeanor under state law.
>
> Hafter also said he today received confirmation from a reliable source inside the Nevada State Bar that a formal ethics complaint has been filed against the Attorney General for violations of attorney-client privilege when she disclosed certain pieces of information in her publicized response and explanation letters to Governor Gibbons.

33. On April 13, 2010, at around 10:30 am, Benjamin Spillman, a reporter for the Las Vegas Review Journal, called Mr. Hafter at his office.

34. During that call, Mr. Spillman informed Mr. Hafter that Phil Pattee, Esq., assistant bar counsel for Defendant , stated that not only was Defendant not investigating Masto for the allegations of misconduct, but that "an investigation and a grievance file has been opened in relation to Mr. Hafter himself."

35. Hafter immediately contacted Defendant and inquired as to the nature of the investigation against him; however, Defendant refused to disclose any details to Hafter.

36. On April 13, 2010, David Clark, Esq., Deputy Bar Counsel, signed a letter to Mr. Hafter informing him of Defendant's concerns of professional misconduct which gave rise to the opening of Grievance File No. N10-18-1227.

37. Hafter received the April 13, 2010 investigatory letter (the "Letter") on April 14, 2010.

38. All of the concerns of professional misconduct detailed in the Letter stem from the Press Release and Ms. Crum's report of Hafter's comments.

39. The Letter requested a response from Hafter within ten (10) days.

40. Hafter responded in writing on April 14, 2010.

41. The investigation and prosecution of Grievance File No. N10-18-1227 are proceeding in accordance with Supreme Court Rule 105.

42. Defendant Clark notified Mr. Hafter via email on May 27, 2010 that:

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

> The Panel voted unanimously to impose a Letter
> of Reprimand on the matter opened by the State
> Bar and to dismiss the matter filed by Kenneth
> Douglas.  You will receive written notice and a
> copy of the proposed Letter, from which you
> will have 14 days to either accept or object.
>
> David Clark

43. On June 9, 2010, Mr. Hafter wrote Mr. Clark a letter notifying him of his formal objection to the Letter of Reprimand and requesting a formal hearing.

44. On June 15, 2010, Mr. Hafter made a second request for a formal hearing.

45. On June 16, 2010, Mr. Clark admitted that "the State Bar has not yet served upon you the proposed Letter of Reprimand under SCR 105(1)(b)."

46. On June 16, 2010, Mr. Hafter responded to Mr. Clark's email stating that he would accept any documents which the Bar wished to serve on him.

47. On June 20, 2010, David McGrath Schwartz wrote an article for the Las Vegas Sun where he stated that Travis Barrick won the primary "when the establishment-backed candidate was mired in a bar complaint."

48. On July 7, 2010, Mr. Hafter wrote Mr. Clark an email asking on the status of the formal hearing.

49. On July 25, 2010, the Las Vegas Review Journal wrote an article regarding the fact that despite numerous requests, the Bar has ignored his requests for due process associated with the alleged Letter of Reprimand.

50. On July 26, 2010, the Bar filed a formal complaint against Mr. Hafter.

51. The State Bar alleged that Petitioner's statements in his campaign's press release amounted to a violation of RPC 8.1(a) for knowingly making a false statement of material fact in connection with a disciplinary matter, RPC 8.4(c) for conduct involving deceit and dishonesty, and RPC 8.4(d) for conduct prejudicing the administration of justice.

52. On July 26, 2010, Mr. Hafter answered the complaint.

53. A hearing before five members of the Northern Nevada Disciplinary Board was held on November 30, 2010.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
& ASSOCIATES

54. After the hearing, the panel found that Petitioner's statements in his campaign's press release amounted to material misstatements in violation of RPC 8.1(a) and 8.4(c), but did not find a violation of RPC 8.4(d).

55. The panel recommended that Mr. Hafter be publicly reprimanded and assessed the costs of the disciplinary proceeding.

56. The bill of costs filed shows fees and costs in the amount of $18,782.30.

57. The recommendation was automatically reviewed by the Nevada Supreme Court pursuant to SCR 105(3).

58. The Nevada Supreme Court concluded that insufficient evidence supported the panel's conclusion that Petitioner violated RPC 8.1(a), however, there was sufficient evidence to support the panel's determination that Petitioner violated RPC 8.4(c).

59. The Nevada Supreme Court further concluded that Petitioner's conduct warranted a private reprimand and remanded the matter back to the panel for the issuance of a private reprimand.  Finally, the Nevada Supreme Court upheld the recommendation for Petitioner to pay all costs associated with the matter.

60. Petitioner filed a timely petition for rehearing which was denied.

61. Chief Justice Cherry, however, did file a dissent concluding that a "letter of caution is the appropriate level of discipline in this case."

62. Mr. Hafter filed a petition for writ of certiorari to the U.S. Supreme Court.

63. On November 13, 2012, the U.S. Supreme Court denied Mr. Hafter's petition.

## COUNT I – 42 U.S.C. § 1983

### First Amendment Violation

64. Hafter realleges the aforementioned paragraphs as though fully set forth.

65. Defendants are state actors, or acting under the color of state law, for purposes of § 1983.

66. The acts of Defendants as described herein were purposeful and arise from official policy or custom.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

67. The First Amendment of the United States Constitution, applicable to the states under the Fourteenth Amendment, guarantees the right of freedom of speech, especially political speech -- a right which stand at the very apex of constitutional protection when exercised, as here, in an effort to influence the conduct of government.

68. Defendants' conduct in opening Grievance File No. N10-18-1227 against Hafter is a policy and practice which, on its face and as applied to Hafter:

    a.   impermissibly infringes upon Hafter's fundamental right to freedom of speech guaranteed by the First and Fourteenth Amendments of the United States Constitution; and

    b.   threatens Hafter's protected property interest in his license to practice law in the State of Nevada.

69. As a result of Defendants' actions, Hafter's ability to work as an attorney has been limited, as follows:

    a.   Hafter was denied admission to the U.S. Supreme Court.

    b.   Hafter's application to the New York State Bar has been placed on hold for almost a year.

    c.   Both of these have cost Hafter the ability to represent various potential clients who sought his professional experience and assistance.

70. As a result of Defendants' actions, Hafter has been fined an amount equal to at least $18,782.30 because of his political speech.

71. Defendants' unlawful infringement of Hafter's political speech also has the very real potential to chill the very speech and robust political debate that the First Amendment of the United States Constitution is designed to protect,

72. In violating Hafter's constitutional right to freedom of speech, Defendants have caused and continue to cause damage to Hafter, who is now forced to defend against a frivolous grievance and investigation.

73. The violation of Hafter's constitutional rights may be redressed pursuant to 42 U.S.C. § 1983.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, JACOB HAFTER, ESQ., respectfully requests this Court to:

A.  Declare that Defendants' actions in pursuing Grievance File No. N10-18-1227 as a result of the Press Release and Ms. Crum's report of Hafter's comments violated Hafter's clearly established First Amendment rights.

B.  Declare that issuance of any reprimands and fines in this matter violated Hafter's clearly established First Amendment rights.

C.  Enjoin Defendants from collecting the costs which were assessed against Hafter as a result of Defendants' pursuit of in pursuing Grievance File No. N10-18-1227.

D.  Enjoin Defendants from publicizing any reprimand issued to Hafter related to Grievance File No. N10-18-1227 to any person, state or other entity.

E.  Award Hafter his attorney fees and costs for bring this action pursuant to 42 U.S.C. § 1988.

F.  Enter all other relief that the Court deems just and proper.

Dated this 7th day of December, 2012.


By: _____
JACOB L. HAFTER, ESQ.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 4056-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES