UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB HAFTER,<br><br>        Plaintiff,<br><br>v.<br><br>ROB BARE, DAVID A. CLARK, GLENN MACHADO, and PHIL PATTEE,<br><br>        Defendants. | 2:10-CV-00553-PMP-LRL<br><br>ORDER |

Presently before the Court is Plaintiff Jacob Hafter's Motion to Reopen Case and for Leave to File Third Amended Complaint (Doc. #46), filed on January 8, 2013. Defendants filed an Opposition (Doc. #47) on January 25, 2013. Plaintiff filed a Reply (Doc. #48) on February 4, 2013.

**I. BACKGROUND**

        This action arises out of Nevada State Bar disciplinary proceedings against Plaintiff Jacob Hafter ("Hafter"), a Nevada-licensed attorney, for statements Hafter made while running as a candidate for Attorney General for the State of Nevada. The Court previously dismissed Hafter's Second Amended Complaint (Doc. #32) under the abstention principles of Younger v. Harris, 401 U.S. 37 (1971), as this Court exercising jurisdiction over Hafter's claims would have interfered with ongoing state attorney discipline proceedings. (Order (Doc. #38).)

Following this Court's dismissal of the action pending in this Court, Hafter filed an Emergency Petition for Writ of Prohibition with the Nevada Supreme Court in which he requested the Nevada Supreme Court "preclude [Defendants] from engaging in their discipline of Petitioner for comments he made as candidate for Attorney General in a press release issued by his campaign and comments he made to a reporter." Hafter v. State Bar of Nev., No. 56124, Emergency Pet. for Writ of Prohibition at 1 (May 28, 2010).[1] Hafter argued that "[u]nder the First Amendment, political speech is an unfettered right, and, as such Mr. Hafter should not have to even defend his political speech in a disciplinary process." Id. at 1; see also id. at 10.

The Nevada Supreme Court denied Hafter's petition. Hafter v. State Bar of Nev., No. 56124, Order Denying Pet. for Writ of Prohibition (June 1, 2010). The Nevada Supreme Court denied the petition because no formal disciplinary proceedings had yet occurred, Hafter had an adequate remedy through the disciplinary process, and Hafter's petition therefore was premature. Id. at 2-3. In footnote one of its Order, the Nevada Supreme Court acknowledged Hafter's First Amendment argument, but concluded that no First Amendment rights were implicated unless and until discipline was imposed. Id. at 2-3 n.1. Specifically, the Nevada Supreme Court stated:

> [U]ntil the disciplinary procedure is concluded, [the Nevada Supreme Court's] intervention by way of extraordinary writ is not warranted. The reason for this is that if no discipline is imposed, then the First Amendment is not implicated; only if Hafter's statements are found to violate the rules of professional conduct are his constitutional rights potentially impacted.

(Id.)

---

[1] The Court may take judicial notice of "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Moreover, because, as discussed below, the Rooker-Feldman doctrine is a question of subject matter jurisdiction, this Court may refer to these filings even though not specifically mentioned by the parties because the Court must satisfy itself of its own jurisdiction. See Couch v. Telescope Inc., 611 F.3d 629, 632 (9th Cir. 2010).

2

Hafter moved for reconsideration, again arguing he "does not believe that he should have to defend himself in this matter." Hafter v. State Bar of Nev., No. 56124, Emergency Mot. for Recons. at 2 (June 3, 2010). Hafter stated that his petition "did not seek to have [the Nevada Supreme Court] address the merits of [Defendants'] discipline efforts, but rather whether [Defendants] could even engage in the disciplinary process against Petitioner as a result of his core political speech." Id. (emphasis omitted).

The Nevada Supreme Court denied rehearing. Hafter v. State Bar of Nev., No. 56124, Order Denying Rehearing (July 8, 2010). The Nevada Supreme Court indicated that it did not overlook Hafter's argument that the State Bar could not engage in discipline against him; rather, it addressed that issue in footnote one of its prior Order. Id. at 2.

The disciplinary proceedings resulted in the Northern Nevada Disciplinary Board hearing panel recommending a public reprimand based on its conclusion that Hafter violated two rules of professional conduct. (Defs.' Opp'n to Pl.'s Mot to Reopen Case & for Leave to File Third Am. Compl. (Doc. #47) ["Defs.' Opp'n"], Ex. 1 at 1.) Hafter appealed, and on March 7, 2012, the Nevada Supreme Court entered an Order Disapproving Panel Recommendation for Imposition of Private Reprimand, and Assessing Costs in Hafter's disciplinary proceedings. (Id.) The Nevada Supreme Court ruled there was not clear and convincing evidence that Hafter violated Nevada Rule of Professional Conduct 8.1(a), making a false statement of material fact in connection with a disciplinary matter, because Hafter's statements were not made to a disciplinary authority. (Id. at 3.) However, the Nevada Supreme Court found Hafter violated Nevada Rule of Professional Conduct 8.4(c), which prohibits a lawyer from engaging in conduct involving a misrepresentation. (Id. at 4.) The Nevada Supreme Court stated that the "evidence presented at the hearing clearly demonstrated that Hafter either intended to mislead in his press release or, at the least, acted in reckless disregard for the truth." (Id.)

///

In reaching its conclusion, the Nevada Supreme Court rejected Hafter's argument that "his misrepresentations cannot constitute a violation of an ethical rule because they are protected political speech." (Id.)  The Nevada Supreme Court concluded Hafter's statements "are not protected political speech," because knowingly false statements or statements made with reckless disregard for the truth do not enjoy constitutional protection. Id. at 4-5 (citing Garrison v. Louisiana, 379 U.S. 64, 75 (1964)).  However, the Nevada Supreme Court concluded that a private reprimand was more appropriate discipline than the public reprimand recommended by the hearing panel. (Id. at 5.)  The Nevada Supreme Court remanded for a private reprimand, and assessed against Hafter the costs of the disciplinary proceedings. (Id. at 5-6.)

The Nevada Supreme Court denied Hafter's request for rehearing. (Defs.' Opp'n, Ex. 2.)  Hafter petitioned for certiorari to the United States Supreme Court, but was denied on November 13, 2012.  Hafter v. State Bar of Nev., 81 USLW 3110, 81 USLW 3262, 81 USLW 3264 (U.S. Nov. 13, 2012) (No. 12-290).

Hafter now moves the Court to reopen this case, arguing the state disciplinary proceedings have concluded and therefore Younger abstention no longer is appropriate.  In his proposed Third Amended Complaint, Hafter asserts Defendants violated his First Amendment rights by subjecting him to disciplinary proceedings based on his statements in a press release and to a reporter, which he characterizes as political speech. (Pl.'s Mot. to Reopen (Doc. #46), Ex. A (proposed Third Am. Compl.).)  Hafter thus contends Defendants could not initiate disciplinary proceedings against him without violating his First Amendment rights to engage in political speech.  Hafter seeks as remedies that the Court (1) declare that the pursuit of the disciplinary grievance and the reprimand and fines resulting therefrom violated his First Amendment rights, (2) enjoin Defendants from collecting the costs assessed against Hafter in the disciplinary proceedings; (3) enjoin Defendants from publicizing the reprimand; and (4) awarding Hafter's attorney's fees and

4

costs in this action.

Defendants oppose reopening the case, arguing this Court already ruled that Hafter's statements do not constitute core political speech when the Court denied Hafter's motion for a temporary restraining order. Defendants also argue the Rooker-Feldman doctrine, which bars federal district courts from entertaining de facto appeals of state court judgments, precludes this Court's consideration of Hafter's Third Amended Complaint because the Nevada Supreme Court considered and rejected Hafter's First Amendment claim and Hafter effectively seeks to overturn the Nevada Supreme Court's disciplinary decision.

Hafter contends the Rooker-Feldman doctrine does not apply because he is challenging Defendants' ability to initiate the disciplinary proceedings in the first place, not the Nevada Supreme Court's resolution of the discipline imposed. Hafter also contends this Court did not finally resolve the issue of whether he engaged in First Amendment-protected speech when it ruled on the motion for temporary restraining order.

**II. DISCUSSION**

    **A. Rooker-Feldman**

What has become known as the Rooker-Feldman doctrine arises from two United States Supreme Court decisions defining federal district court jurisdiction and the relationship between federal district courts and state courts. Federal district courts possess "strictly original" jurisdiction, and thus have no power to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. See Rooker v. Fid. Trust Co., 263 U.S. 413, 414-17 (1923); D.C. Ct. of Appeals, et al. v. Feldman, 460 U.S. 462, 482 (1983); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Only the United States Supreme Court has jurisdiction to review such judgments. Feldman, 460 U.S. at 482. The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

"The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)). In addition to barring de facto appeals from state court judicial decisions, the Rooker-Feldman doctrine forbids federal district courts from deciding issues "inextricably intertwined" with an issue the state court resolved in its decision. Noel, 341 F.3d at 1158. But the "inextricably intertwined" test comes into play only when the federal lawsuit "is at least in part a forbidden de facto appeal of a state court judgment, and an issue in that federal suit is 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken." Id. at 1165. If a plaintiff's suit falls within the Rooker-Feldman doctrine, then the district court must dismiss for lack of subject matter jurisdiction. Kougasian, 359 F.3d at 1139.

However, the Rooker-Feldman doctrine does not deprive federal district courts of subject matter jurisdiction in every case in which a party attempts to litigate in federal court a matter previously litigated in state court. Exxon Mobil, 544 U.S. at 292-93. If a plaintiff presents an "independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293 (quotation omitted). Courts should take care not to conflate preclusion or abstention doctrines and the Rooker-Feldman doctrine. Id. at 284 ("Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court

actions."). Preclusion, not Rooker-Feldman, applies when "a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify." Noel, 341 F.3d at 1165 (quotation omitted). Unlike the Rooker-Feldman doctrine, preclusion is not a jurisdictional issue. Exxon Mobil, 544 U.S. at 293.

To assist lower federal courts in applying Rooker-Feldman, the United States Court of Appeals for the Ninth Circuit summarized the doctrine:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-[or issue-] precluded under [28 U.S.C.] § 1738. But in neither of these circumstances does Rooker-Feldman bar jurisdiction. Rooker-Feldman thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.

Kougasian, 359 F.3d at 1140 (quoting Noel, 341 F.3d at 1164). Because Rooker-Feldman bars only those actions that assert legal error by the state court and seek as a remedy relief from the state court judgment, under some circumstances the doctrine may not apply even where the plaintiff effectively seeks to overturn a state court decision. For example, where the plaintiff asserts an adverse party committed extrinsic fraud on the state court, Rooker-Feldman does not bar the suit because the plaintiff is asserting wrongful conduct by an adverse party, not legal error by the state court. Kougasian, 359 F.3d at 1140-41 (holding federal suit seeking to overturn state judgment due to adverse party submitting a false declaration in the state court was not barred by Rooker-Feldman because plaintiff did not allege state court error).

///

Here, Hafter's claim is not barred by the Rooker-Feldman doctrine because he does not assert that his injury was caused by a Nevada state court judgment. Hafter does not allege as a legal wrong any decision by a state court. Rather, he alleges unconstitutional acts by adverse parties caused his injuries when Defendants initiated and pursued a disciplinary grievance against him based on his press release and comments to the press. Hafter alleges, among other things, he lost potential business as a result when he was denied admission to the United States Supreme Court and his application to the New York State Bar was put on hold. (Pl.'s Mot. to Reopen, Ex. A at 9.)

The narrow confines of the Rooker-Feldman doctrine therefore do not preclude this Court from exercising jurisdiction over this case. Hafter's proposed Third Amended Complaint seeks to litigate the same issues as were litigated in the state court proceedings, and the requested relief effectively seeks to overturn the Nevada Supreme Court's decision. But that does not automatically trigger the Rooker-Feldman doctrine. This Court eventually may be bound to recognize the claim- and issue-preclusive effects of the Nevada Supreme Court's resolution of Hafter's Petition for Writ of Prohibition and the merits of his disciplinary proceeding if and when Defendants assert a preclusion defense based on the state court's rulings. However, preclusion is not a jurisdictional issue, and the Court declines to raise it sua sponte.

**B. Temporary Restraining Order Ruling**

Defendants assert this Court previously held Hafter's statements underlying the disciplinary proceeding did not constitute core political speech. However, the Court's analysis in that Order (Doc. #24) was based on an in camera review of a document early in the case and in the context of concluding Hafter failed to show a likelihood of success on the merits in deciding a motion for temporary restraining order. Given the context of the prior Order, the Court will not deny the Motion to Reopen on this basis.

///

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Jacob Hafter's Motion to Reopen Case and for Leave to File Third Amended Complaint (Doc. #46) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff Jacob Hafter shall detach and file separately the Third Amended Complaint attached as Exhibit A to his Motion to Reopen Case and for Leave to File Third Amended Complaint (Doc. #46) on or before August 9, 2013.

IT IS FURTHER ORDERED that upon Plaintiff Jacob Hafter filing the Third Amended Complaint, the Clerk of Court shall reopen this case.

IT IS FURTHER ORDERED that Defendants shall file an answer or otherwise respond to the Third Amended Complaint on or before August 29, 2013.

DATED: August 1, 2013

PHILIP M. PRO
United States District Judge