UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB HAFTER,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID A. CLARK, GLENN MACHADO, and PHIL PATTEE,<br><br>    Defendants. | 2:10-CV-00553-PMP-LRL<br><br>ORDER |

       Presently before the Court is Defendants David Clark, Glenn Machado, and Phil Pattee's Motion to Dismiss (Doc. #51), filed on August 29, 2013. Plaintiff Jacob Hafter filed an Opposition (Doc. #52) on September 16, 2013. Defendants filed a Reply (Doc. #54) on September 26, 2013.

**I. BACKGROUND**

       This action arises out of Nevada State Bar disciplinary proceedings against Plaintiff Jacob Hafter ("Hafter"), a Nevada-licensed attorney, for statements Hafter made while running as a candidate for Attorney General for the State of Nevada. The Court previously dismissed Hafter's Second Amended Complaint (Doc. #32) under the abstention principles of Younger v. Harris, 401 U.S. 37 (1971), as this Court exercising jurisdiction over Hafter's claims would have interfered with ongoing state attorney discipline proceedings. (Order (Doc. #38).)

Following this Court's dismissal of the action pending in this Court, Hafter filed an Emergency Petition for Writ of Prohibition with the Nevada Supreme Court in which he requested the Nevada Supreme Court "preclude [Defendants] from engaging in their discipline of Petitioner for comments he made as candidate for Attorney General in a press release issued by his campaign and comments he made to a reporter." Hafter v. State Bar of Nev., No. 56124, Emergency Pet. for Writ of Prohibition at 1 (May 28, 2010).[1]  Hafter argued that "[u]nder the First Amendment, political speech is an unfettered right, and, as such Mr. Hafter should not have to even defend his political speech in a disciplinary process." Id. at 1; see also id. at 10.

The Nevada Supreme Court denied Hafter's petition. Hafter v. State Bar of Nev., No. 56124, Order Denying Pet. for Writ of Prohibition (June 1, 2010). The Nevada Supreme Court denied the petition because no formal disciplinary proceedings had yet occurred, Hafter had an adequate remedy through the disciplinary process, and Hafter's petition therefore was premature. Id. at 2-3. In footnote one of its Order, the Nevada Supreme Court acknowledged Hafter's First Amendment argument, but concluded that no First Amendment rights were implicated unless and until discipline was imposed. Id. at 2-3 n.1. Specifically, the Nevada Supreme Court stated:

> [U]ntil the disciplinary procedure is concluded, [the Nevada Supreme Court's] intervention by way of extraordinary writ is not warranted. The reason for this is that if no discipline is imposed, then the First Amendment is not implicated; only if Hafter's statements are found to violate the rules of professional conduct are his constitutional rights potentially impacted.

(Id.)

///

---

[1] The Court may take judicial notice of "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

1    Hafter moved for reconsideration, again arguing he "does not believe that he
2 should have to defend himself in this matter." Hafter v. State Bar of Nev., No. 56124,
3 Emergency Mot. for Recons. at 2 (June 3, 2010). Hafter stated that his petition "did not
4 seek to have [the Nevada Supreme Court] address the merits of [Defendants'] discipline
5 efforts, but rather whether [Defendants] could even engage in the disciplinary process
6 against Petitioner as a result of his core political speech." Id. (emphasis omitted).

7    The Nevada Supreme Court denied rehearing. Hafter v. State Bar of Nev., No.
8 56124, Order Denying Rehearing (July 8, 2010). The Nevada Supreme Court indicated that
9 it did not overlook Hafter's argument that the State Bar could not engage in discipline
10 against him; rather, it addressed that issue in footnote one of its prior Order. Id. at 2.

11   The disciplinary proceedings resulted in the Northern Nevada Disciplinary Board
12 hearing panel recommending a public reprimand based on its conclusion that Hafter
13 violated two rules of professional conduct. (Defs.' Opp'n to Pl.'s Mot to Reopen Case &
14 for Leave to File Third Am. Compl. (Doc. #47) ["Defs.' Opp'n"], Ex. 1 at 1.) Hafter
15 appealed, and on March 7, 2012, the Nevada Supreme Court entered an Order Disapproving
16 Panel Recommendation for Imposition of Private Reprimand, and Assessing Costs in
17 Hafter's disciplinary proceedings. (Id.) The Nevada Supreme Court ruled there was not
18 clear and convincing evidence that Hafter violated Nevada Rule of Professional Conduct
19 8.1(a), making a false statement of material fact in connection with a disciplinary matter,
20 because Hafter's statements were not made to a disciplinary authority. (Id. at 3.) However,
21 the Nevada Supreme Court found Hafter violated Nevada Rule of Professional Conduct
22 8.4(c), which prohibits a lawyer from engaging in conduct involving a misrepresentation.
23 (Id. at 4.) The Nevada Supreme Court stated that the "evidence presented at the hearing
24 clearly demonstrated that Hafter either intended to mislead in his press release or, at the
25 least, acted in reckless disregard for the truth." (Id.)
26 ///

1  In reaching its conclusion, the Nevada Supreme Court rejected Hafter's argument that "his misrepresentations cannot constitute a violation of an ethical rule because they are protected political speech." (Id.) The Nevada Supreme Court concluded Hafter's statements "are not protected political speech," because knowingly false statements or statements made with reckless disregard for the truth do not enjoy constitutional protection. Id. at 4-5 (citing Garrison v. Louisiana, 379 U.S. 64, 75 (1964)). However, the Nevada Supreme Court concluded that a private reprimand was more appropriate discipline than the public reprimand recommended by the hearing panel. (Id. at 5.) The Nevada Supreme Court remanded for a private reprimand, and assessed against Hafter the costs of the disciplinary proceedings. (Id. at 5-6.)

The Nevada Supreme Court denied Hafter's request for rehearing. (Defs.' Opp'n, Ex. 2.) Hafter petitioned for certiorari to the United States Supreme Court, but was denied on November 13, 2012. Hafter v. State Bar of Nev., 81 USLW 3110, 81 USLW 3262, 81 USLW 3264 (U.S. Nov. 13, 2012) (No. 12-290).

Hafter thereafter moved this Court to reopen this case, arguing the state disciplinary proceedings had concluded and therefore Younger abstention no longer was appropriate. The Court granted Hafter's Motion, gave Hafter leave to file a Third Amended Complaint, and reopened the case. (Order (Doc. #49).) Hafter's Third Amended Complaint asserts Defendants violated his First Amendment rights by subjecting him to disciplinary proceedings based on his statements in a press release and to a reporter, which he characterizes as political speech. (Third Am. Compl. (Doc. #50).) Hafter thus contends Defendants could not initiate disciplinary proceedings against him without violating his First Amendment rights to engage in political speech. Hafter seeks as remedies that the Court (1) declare that the pursuit of the disciplinary grievance and the reprimand and fines resulting therefrom violated his First Amendment rights, (2) enjoin Defendants from collecting the costs assessed against Hafter in the disciplinary proceedings, (3) enjoin

4

Defendants from publicizing the reprimand, and (4) award Hafter's attorney's fees and costs in this action.

Defendants now move to dismiss the Third Amended Complaint. Defendants contend the Nevada Supreme Court fully and finally resolved the issues raised in the Third Amended Complaint, and Hafter's claims therefore are precluded under Nevada issue preclusion law.

Hafter responds that because this action was brought in federal court under 42 U.S.C. § 1983, federal preclusion law applies. Hafter argues that under federal law, Congress did not intend for agency determinations to have preclusive effect in § 1983 cases.

Alternatively, Hafter argues that state agency determinations should be given preclusive effect only if the state agency acts in a judicial capacity, the agency resolved disputed issues of fact before it, and the parties had an adequate opportunity to litigate. Hafter contends these requirements were not met here because the Nevada Supreme Court was not acting in a judicial capacity but instead was acting as a superior reviewing its subordinate, the Nevada State Bar. Hafter also argues the issues in this case never have been fully and fairly litigated because the prior proceeding was an administrative action. Hafter contends the administrative proceeding was inadequate because he was unable to engage in full motion practice, engage in discovery, subpoena witnesses, or present all evidence to support his defenses. Hafter also argues that because the Rules of Evidence did not apply, the testimony and evidence allowed in the state administrative proceeding was different than what would be permitted in a court proceeding. Hafter also contends there is no avenue for judicial review of the Nevada Supreme Court's ruling except the United States Supreme Court. Given the low number of cases the United States Supreme Court accepts for review, Hafter contends the Nevada Supreme Court's decisions are essentially unreviewable.

///

5

1    Hafter alternatively argues that even if the administrative proceeding could be
2 given preclusive effect, the prior proceeding does not meet the test for issue preclusion.
3 According to Hafter, the issues litigated before the Nevada Supreme Court and at issue in
4 this case are not identical.  Hafter contends that it was a "foregone conclusion" that the Bar
5 had the authority to discipline him in the state proceedings, but the issue remains before this
6 Court whether the Bar can discipline an attorney who also is a political candidate for
7 statements made during the course of a political campaign.  (Pl.'s Opp'n to Defs.' Mot. to
8 Dismiss (Doc. #52) at 15.)  Hafter argues this creates an equal protection violation because
9 the Bar could not discipline a non-attorney who made the same statement.  Hafter also
10 contends he is a "class of one" who has been singled out for unequal treatment when
11 compared to other attorneys who have allegedly engaged in dishonest conduct during their
12 political careers.

## II. DISCUSSION

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555.

Federal courts give state administrative agency decisions the same preclusive effect as the state would, so long as the administrative proceeding provided the "'minimum

procedural requirements' of the Due Process Clause of the Fourteenth Amendment." <u>Dias v. Elique</u>, 436 F.3d 1125, 1128 (9th Cir. 2006) (quoting <u>Kremer v. Chem. Constr. Corp.</u>, 456 U.S. 461, 481 (1982)).  A state administrative decision can have preclusive effect in a federal action under 42 U.S.C. § 1983 so long as it meets these requirements.  <u>Univ. of Tenn. v. Elliott</u>, 478 U.S. 788, 796-97 (1986); <u>see also</u> <u>White v. City of Pasadena</u>, 671 F.3d 918, 927 (9th Cir. 2012) ("State court decisions and reviewed administrative decisions are thus entitled to the same preclusive effect in a § 1983 action as in any other action, namely the preclusive effect they would be given in the courts of the state that issued the judgment.").  Such preclusive effect extends to both legal and factual determinations.  <u>Wehrli v. Cnty. of Orange</u>, 175 F.3d 692, 694 (9th Cir. 1999).

To meet the minimum due process requirements, the state agency must have "act[ed] in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." <u>United States v. Utah Constr. & Min. Co.</u>, 384 U.S. 394, 422 (1966).  "[N]o single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." <u>Kremer</u>, 456 U.S. 483.  However, there must be an opportunity for judicial review.  <u>Wehrli</u>, 175 F.3d at 694-95.

In addition to meeting federal due process standards, the state administrative proceeding also must meet "the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions." <u>Dias</u>, 436 F.3d at 1128 (quotation omitted).  Nevada gives issue preclusive effect to agency determinations which meet Nevada's issue preclusion test.  <u>State ex rel. Univ. & Cmty. Coll. Sys. v. Sutton</u>, 103 P.3d 8, 16 (Nev. 2004).  Under Nevada law, issue preclusion applies if (1) the issue in the two proceedings is identical, (2) the prior decision was a final ruling on the merits, (3) "the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation," and (4) "the issue was actually and necessarily litigated." <u>Five Star</u>

7

Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008).  The party asserting an issue is precluded bears the burden of proving the prior judgment has preclusive effect.  Bennett v. Fid. & Deposit Co., 652 P.2d 1178, 1180 (Nev. 1982).  "Once it is determined that issue preclusion is available, the actual decision to apply it is left to the discretion of the district court."  Sutton, 103 P.3d at 16.

Here, the Nevada State Bar and the Nevada Supreme Court acted in a judicial capacity and resolved disputed issues of fact properly before them.  The Nevada State Bar and the Nevada Supreme Court have jurisdiction over attorney discipline.  Nev. S. Ct. R. 99.1, 105.  In reviewing the disciplinary charges brought against an attorney, the Nevada State Bar hearing panel receives evidence and prepares a written decision on whether to impose or recommend discipline.  Nev. S. Ct. R. 105(2)(d)-(e).  The hearing panel's decision is subject to review by the Nevada Supreme Court and is treated "as would an appeal from a civil judgment of a district court and is governed by the Nevada Rules of Appellate Procedure."  Nev. S. Ct. R. 105(3)(a).  According to the Third Amended Complaint, in accordance with these procedures, Hafter was formally charged, received a hearing before the Northern Nevada Disciplinary Board, the panel issued a decision recommending discipline, and the Nevada Supreme Court reviewed that decision pursuant to Rule 105(3).  (Third Am. Compl. at 7-8.)

The Nevada attorney disciplinary process also provided Hafter an adequate opportunity to litigate his claims.  Pursuant to Nevada Supreme Court Rule 105(2), formal disciplinary proceedings involve a notice of the relevant charges, an opportunity to respond, a hearing before a panel with the right to exercise peremptory and cause challenges to panel members, and an opportunity to file motions.  Nev. S. Ct. R. 105(2)(a)-(b).  The attorney also is entitled to a hearing where he has the right "to be represented by counsel, to cross-examine witnesses, and to present evidence."  Nev. S. Ct. R. 105(2)(d).  The attorney also is informed, prior to the hearing, of "the evidence against the attorney, and the names of the

witnesses bar counsel intends to call for other than impeachment, together with a brief statement of the facts to which each will testify." Id.  Additionally, the "rules applicable to the admission of evidence in the district court of Nevada govern admission of evidence before a hearing panel." Nev. S. Ct. R. 105(2)(f).  The panel's findings "must be supported by clear and convincing evidence." Id.

Nevada's attorney disciplinary proceedings also provide the required opportunity for judicial review of the panel's decision.  The Nevada Supreme Court reviews the panel's decision as it would an appeal from a district court's civil judgment, and the appeal is governed by the Nevada Rules of Appellate Procedure.  Nev. S. Ct. R. 105(3)(a).  As discussed in this Court's prior Order, the Nevada Supreme Court has the power to address constitutional claims and Nevada law provides mechanisms for interlocutory review where the subject of discipline attempts to preclude the disciplinary complaint from proceeding to final resolution.  (Order (Doc. #24) at 3.)  Finally, the Nevada Supreme Court's decision is subject to review by the United States Supreme Court, as demonstrated by Hafter's pursuit of both interlocutory and appellate review as provided by Nevada law, and an appeal to the United States Supreme Court.  This procedural scheme is sufficient under federal due process standards.  See, e.g., Kremer, 456 U.S. at 483-84 (describing a similar state process for employment discrimination investigations, hearings, and decisions subject to judicial review, and finding federal due process requirements satisfied).

In addition to meeting federal due process requirements, the disciplinary proceeding against Hafter meets Nevada's issue preclusion test.  There is no question Hafter was a party in the Nevada disciplinary proceedings and is the plaintiff in the present case.  Additionally, Defendants have met their burden of showing the issue in the two proceedings is identical, was actually litigated, and the Nevada Supreme Court issued a final decision on the merits.

///

As to the issues being identical, in Hafter's Emergency Petition for Writ of Prohibition, he requested the Nevada Supreme Court "preclude [Defendants] from engaging in their discipline of Petitioner for comments he made as candidate for Attorney General in a press release issued by his campaign and comments he made to a reporter." Hafter v. State Bar of Nev., No. 56124, Emergency Pet. for Writ of Prohibition at 1 (May 28, 2010). Hafter argued that "[u]nder the First Amendment, political speech is an unfettered right, and, as such Mr. Hafter should not have to even defend his political speech in a disciplinary process." Id. at 1; see also id. at 10. In Hafter's motion for reconsideration, he argued he "does not believe that he should have to defend himself in this matter." Hafter v. State Bar of Nev., No. 56124, Emergency Mot. for Recons. at 2 (June 3, 2010). Hafter stated that his petition "did not seek to have [the Nevada Supreme Court] address the merits of [Defendants'] discipline efforts, but rather whether [Defendants] could even engage in the disciplinary process against Petitioner as a result of his core political speech." Id. (emphasis omitted). Hafter raises the identical issue in his Third Amended Complaint in this action, alleging that Defendants' initiation of a grievance against him based on his political speech violated his First Amendment rights. (Third Am. Compl. at 9.)

Hafter contends the issues are not identical because it was a "foregone conclusion" that the Bar had the authority to discipline him in the state proceedings. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 15.) However, Hafter presented to the Nevada Supreme Court the argument that the Bar should not be permitted to pursue discipline against him based on his political speech, and the Nevada Supreme Court reviewed that argument twice on an interlocutory basis. The fact that the Nevada Supreme Court rejected Hafter's argument does not mean the issue was not presented to, considered, and decided by that Court. Hafter also argues this case raises equal protection issues the Nevada Supreme Court did not address. However, the Third Amended Complaint contains a single count for a violation of the First Amendment, nowhere mentions equal protection, and contains no


plausible facts supporting an equal protection claim.

As already discussed, the issue of whether the Bar could commence and pursue disciplinary proceedings based on Hafter's statements was actually litigated before the Nevada Supreme Court. The Nevada Supreme Court issued a final decision on the merits of that issue, specifically rejecting Hafter's argument. <u>Hafter v. State Bar of Nev.</u>, No. 56124, Order Denying Rehearing at 2 (July 8, 2010). Because the issues are identical, the prior decision was a final ruling on the merits, Hafter was a party to the prior litigation, and the First Amendment issue was actually and necessarily litigated, Nevada's test for issue preclusion is satisfied.

Having found Nevada's issue preclusion test is met, the Court, in its discretion, will apply issue preclusion and dismiss Hafter's Third Amended Complaint as precluded. Hafter already has had one full and fair opportunity to argue that the Nevada State Bar's pursuit of disciplinary proceedings against him violated his First Amendment rights. <u>See</u> <u>Bower v. Harrah's Laughlin, Inc.</u>, 215 P.3d 709, 718 (Nev. 2009) (en banc) ("Issue preclusion is based upon the sound public policy of limiting litigation by preventing a party who had one full and fair opportunity to litigate an issue from again drawing it into controversy. This doctrine ends litigation and lends stability to judgments, thus inspiring confidence in the judicial system." (quotation and internal citation omitted)). In sum, this Court gives preclusive effect to the Nevada Supreme Court's decision rejecting Hafter's First Amendment claim because Nevada would give that decision preclusive effect, and the minimum federal due process requirements are satisfied. The Court therefore will grant Defendants' Motion to Dismiss.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendants David Clark, Glenn Machado, and Phil Pattee's Motion to Dismiss (Doc. #51) is hereby GRANTED.

///

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendants David Clark, Glenn Machado, and Phil Pattee and against Plaintiff Jacob Hafter.

DATED: January 20, 2014

_____
PHILIP M. PRO
United States District Judge